May Term,
**1854.**

TRUSTEES OF THE WABASH AND ERIE CANAL v.
BLEDSOE.

</div>

---

THE TRUSTEES OF THE WABASH AND ERIE CANAL *v.* BLEDSOE and Another.

| 5 | 133 |
| 164 | 83 |

Where work is done by one person for another, a precedent request may be implied from circumstances.

Where a party has procured the affidavit of a third person, and obtained a continuance thereon, the affidavit may be read at the trial, as evidence of the admissions of the party.

The declarations of an agent are admissible in evidence against his principal, except so far as they relate to the fact of his agency.

May Term,
1854.

TRUSTEES OF
THE WABASH
AND ERIE
CANAL
v.
BLEDSOE.

Saturday,
May 27.

An irregularity in admitting an agent's declarations before proof of his appointment, is cured by subsequent proof of the fact.

A witness was allowed to refer in his testimony to certain books, in order to refresh his memory, without producing them.  *Held*, that this was not error.

ERROR to the *Vigo* Circuit Court.

PERKINS, J.—Assumpsit upon the counts for work and labor, &c., in the construction of a section of the *Wabash* and *Erie* canal.

The issues were, non assumpsit, and an issue upon a plea of payment.

Jury trial, finding for the plaintiffs, new trial denied, and final judgment on the verdict.

The evidence is upon the record, and shows that the construction of the section of the canal in question, was first let to one *John Shawn;* that on account of his default, the contract with him was declared forfeited, by *W. J. Ball*, engineer, when about one-third of the work contracted for had been performed; and that the construction of the section was completed by *Bledsoe* and *Pigg*, who brought this suit.

The trustees deny that it was upon their request that the section was completed, and, hence, they insist that they are not liable to pay for it.

An express request, as is well known, need not be proved.   A request may be implied from circumstances.

It appears in this case that the trustees, after the contract with *Shawn* had been annulled, were anxious for the earliest possible completion of the section, and passed an order to that effect; that their engineer, Mr. *Wilde*, superintended the work done by *Bledsoe* and *Pigg*, told them, from time to time during its progress, to press on, complete the section, and that they should be paid for it; that there were from 1,800 to 2,000 dollars remaining of the estimated cost at the contract price, which should be paid to them; and it further appears that the trustees accepted and are using the section as finished.

We think an assumpsit might be implied from these circumstances.

But as further evidence tending to establish it, *Bledsoe*

and *Pigg* offered in evidence on the trial an affidavit made in the case at a former term of the Court, by *W. J. Ball*, upon which the trustees asked and obtained a continuance. The affidavit states that the affiant "is informed that this suit is brought to recover money for work and labor, and materials and money done and expended by *Bledsoe* and *Pigg* for the trustees, on section sixty-two of the *Wabash* and *Erie* canal. Affiant says that he is resident engineer on said canal, and has the superintendence of the construction of all its various sections; that *N. R. Wilde* is, and has been, a subordinate engineer to affiant, and, under him, has had the superintendence of the work of a very considerable part of said canal; that said section sixty-two was originally let, by a written contract, to one *John Shawn*, who, after performing a considerable part of the work, failed to prosecute the same; that afterwards said *Wilde* was constituted the agent of the trustees to procure the completion of said section, and was furnished by them with money to pay for the same; that it was completed and paid for, as appears from the books of the office of engineers of said canal; that the entries in said books, so far as regards said section, were made by the clerk in the office, on the report of said *Wilde*. This affiant has been informed by said *Wilde*, that *Bledsoe* and *Pigg*, after the abandonment of said section by *Shawn*, made a verbal contract with him, said *Wilde*, as agent of the trustees, to finish said section; that they did finish it, and were paid by said *Wilde* the entire price for the same."

The affidavit further states the inability of *Wilde* to attend at that term of the Court, that he is the only witness, &c.

The trustees objected to the admission in evidence of this affidavit, but the objection was overruled.

Had the affidavit been made by the trustees, or one of them, it can not be doubted that its statements would have been admissions binding upon them. It was made by their chief engineer, and was adopted and presented to the Court by them as containing the truth, and a continuance was obtained upon it. They thus made its statements

May Term, 1854.

TRUSTEES OF THE WABASH AND ERIE CANAL v. BLEDSOE.

their own, obtained an advantage upon them, and they must not now repudiate them, when, as evidence, they may work to their disadvantage. This piece of evidence established *Wilde's* agency. *Brickell* v. *Hulse*, 34 Eng. Com. Law Rep. 144, to which we have been cited, is in point.

We must not be understood as deciding that every affidavit made by a third person in the progress of a cause would be evidence on its trial. In a case, for example, where the party was absent, and the attorney representing him, not being fully advised, but believing certain facts could be proved, should make an affidavit setting forth in it the circumstances under which it was made, and should obtain a continuance upon it, we do not say the party himself would be bound by its statements. But here, one of the trustees resided in the town where the suit was pending, and another of them near by, and we presume, nothing appearing to the contrary, that they were superintending the suit; and the affidavit states, not that *Ball* had directed *Wilde* in the matter, but that the trustees had appointed him their agent to procure the completion of the section.

During the trial the declarations of *Wilde* in relation to the matter were given in evidence and also those in regard to his agency. The declarations of an agent are evidence except so far as they assert his agency. *Tomlinson et al.* v. *Collett et al.*, 3 Blackf. 436. And if his declarations upon the subject-matter are admitted before proof of his agency, subsequent proof of that cures the irregularity.

Objection was made because a witness was permitted to make a reference in his testimony to books, without producing them. The books contained certain *memoranda* made by the witness, and were not, so far as appears, admissible in evidence. The witness seems only to have used them to refresh his memory, not as evidence of themselves, and we see nothing improper in the ruling of the Court.

The defendants below also excepted to the refusal of the Court to admit a certain written instrument, purporting to be an agreement between *Shawn*, the original contractor, and *Bledsoe, Pigg,* and others; but it was not proved that

said agreement was executed by both parties to it; on the contrary, it was shown that it never was so executed, and was never operative as an agreement. Hence, it was rightly excluded as evidence.

The judgment below was for 1,593 dollars and 57 cents, and must be affirmed.

*Per Curiam.*— The judgment is affirmed, with 5 per cent. damages and costs.

*S. B. Gookins* and *W. D. Griswold*, for the plaintiffs.

*J. P. Usher*, for the defendants.