JAMES O. LeFLORE *v.* STATE OF INDIANA.

[No. 671S167. Filed May 8, 1972. Rehearing denied July 13, 1972.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by James O. LeFlore from a judgment in the Marion Criminal Court, Division One, convicting him of the crime of robbery. Trial was to a jury, and upon conviction appellant was sentenced to the Indiana Reformatory for ten (10) to twenty-five (25) years.

The issues presented for review are whether or not the trial court erred as follows:

1. In denying appellant's personal attempt to secure a trial by jury other than the regular panel, in what counsel for appellant submits substantially amounted to a request for a struck jury.

2. In denying appellant's motion and request for the production at trial of certain notes used by a State's witness to refresh his memory prior to trial.

3. In sustaining the State's objection to a question directed to a State's witness on cross-examination—said objection being based on the grounds that the question called for a conclusion.

Appellant's request at the commencement of the trial which appellant's counsel insists amounted to a request for a struck jury, as indicated by the record, is as follows:

"MR. LeFLORE: Your Honor, I would like Mr. James Alan Neel dismissed as my counsel from this case because he is incompetent. I've asked him, I told you, I told him to ask you that I wanted a hand-picked jury and not a panel jury, and Mr. Neel keeps telling me . . .

"THE COURT: There is only one kind of a jury under the law of this State, Mr. LeFlore.

"MR. NEEL: I tried to explain this, Your Honor.

"MR. LeFLORE: I do not want no panel jury or members of no previous panel jury. It is my constitutional right to pick a hand-picked jury. It's my constitutional rights and I'd like for my constitutional rights to be upheld in your court, Your Honor.

"THE COURT: Well, they certainly will be, but that is not one of them.

"MR. LeFLORE: And therefore I would like Mr. Neel dismissed as my counsel as of now.

"THE COURT: The motion is overruled."

This Court is of the opinion that the above request cannot be construed as a request for a struck jury. Appellant insisted that he had a constitutional right to a "hand picked jury." Such a request is vague and ambiguous, and it is not deserving of judicial recognition as a request for a struck jury. There was no error committed by the trial court in regard to this matter, and it is unnecessary for this Court to decide whether a defendant in a criminal prosecution should be entitled to such a request.

Appellant's second contention is that the trial court erred in denying his request for the production of certain memoranda which were in the possession of one of the State's witnesses. The witness, a police officer, testified that he maintained a card file at home where he recorded the dates and times of the criminal investigations in which he participated, and he further disclosed that he had used the file to refresh his memory prior to trial. Appellant argues that the card file should have been produced at trial to afford him the opportunity to attempt to impeach the witness on cross examination.

Although this Court has never ruled on this issue specifically, a very similar question was presented in *Northern Indiana Public Service Company* v. *W. J. & M. S. Vesey* (1936),

210 Ind. 338, 200 N. E. 620. In *Northern,* the trial court sustained an objection to the following question: "Have you any objection to having me look at them?" This question was made in reference to certain notes that the witness had previously used to refresh his memory. The witness had testified that the notes were in his briefcase. In regard to this matter, the Court stated:

"The appellant, in this assignment, does not show what other questions preceded the one to which objection was sustained. A similar question was presented to this court in *The Trustees of the Wabash and Erie Canal* v. *Bledsoe* (1854), 5 Ind. 133. The court there used the following language (p. 136):

'Objection was made because a witness was permitted to make a reference in his testimony to books, without producing them. The books contained certain memoranda made by the witness, and were not, so far as appears, admissible in evidence. The witness seems only to have used them to refresh his memory, not as evidence of themselves, and we see nothing improper in the ruling of the court.'

"A similar situation arose in *Lennon* v. *United States* (1927), 20 Fed. (2d) 490, where a witness testified from a memoranda which appears to have been made by the witness, but which was not in court while the witness was on the stand. The witness frequently refreshed his memory by referring to the papers and relied upon his recollection. It was held that it is only where the witness uses the paper to refresh his memory while on the stand that there is a right to compel a production of the writing for the inspection.

"It is clear from the assignment in the motion for a new trial that the witness White did not have the memoranda with him at the time the question was propounded, but it was in his brief case. There is no showing as to the location of the brief case, nor as to the character of the memoranda, nor as to its relevancy to the issue joined. It may have been a private matter of confidential nature to which the appellant was not entitled. The court did not commit reversible error in sustaining the objection to the question." 210 Ind. at 363, 364, 200 N. E. at 631.

The rule set out in *Lennon* v. *United States* (1927), 20 F. 2d 490 which was cited with approval in *Northern* is followed

in the majority of other jurisdictions. In the instant case, the witness did not use the notes to refresh his memory while he was on the stand. Therefore, the trial court did not err in denying appellant's motion for the production of the card file which the witness personally maintained at his home.

Appellant's last assignment of error is directed to the trial court's ruling to sustain the State's objection to a question put to a witness on cross examination by the appellant. The question was directed to one Harry C. Dunn, a Detective Sergeant on the Indianapolis Police Department's Investigation Division. Dunn testified that he had made no attempt to determine whether appellant's fingerprints were on a sawed-off shot gun which appellant had allegedly used in the robbery. Counsel for appellant then asked whether or not fingerprints would have been the best evidence that could have been produced to show that a person had held a particular object. An objection to the question on the grounds that it called for a conclusion was sustained.

Subject to a few exceptions which are inapplicable here, it is well established that opinion testimony from a lay witness should be excluded from evidence. See, *Gayer* v. *State* (1965), 247 Ind. 113, 210 N. E. 2d 852; *Bramlett* v. *State* (1949), 227 Ind. 662, 87 N. E. 2d 880. In the case at bar, although it could be said that Dunn is an expert on criminal investigation, his opinion as to which facts are the best or most persuasive should not have been admitted in evidence since it is a function of the jury to determine the weight of the evidence and the inferences to be drawn therefrom. Therefore, it was not error to sustain the objection to appellant's question.

For all of the foregoing reasons, the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, C. J., Givan and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

DISSENTING OPINION

DeBRULER, J.—Evidence had been offered to show that two men had held up a liquor store and appellant had been identified as one of the men who held a shotgun. Detective Sgt. Dunn, who had been in charge of the investigation, had arrested five different men in connection with the case but only two were tried. During cross examination Dunn testified that no attempt had been made to see if appellant's fingerprints were on the shotgun. The following then occurred:

"Q. Isn't it a fact that if you had found some prints this was probably the best evidence that one could have to determine whether or not a person was holding a particular object, the most infallible type test that you have in your investigation?
MR. WILSON: Objection, it calls for a conclusion.
THE COURT: Sustained."

I would hold the trial court erred in sustaining that objection because he unnecessarily curtailed appellant's right to cross examine the witness.

A criminal defendant has a fundamental, constitutional right to cross examine the witnesses against him. *Barber* v. *Page* (1967), 390 U. S. 719, 88 S. Ct. 1318, 20 L. Ed. 2d 255; *Pointer* v. *Texas* (1964), 380 U. S. 400, 85 S. Ct. 1065, 13 L. Ed. 2d 923; *Rariden* v. *State* (1961), 242 Ind. 689, 177 N. E. 2d 736. The right to cross examine, of course, does not give the right to ask any question at any time, in any manner. The trial court does have the power and the duty to confine the questions to those which could arguably achieve one of the purposes of cross examination, *e.g.,* to persuade the trier of fact to disbelieve certain of the witnesses' assertions of fact. However, the central importance of the defendant's right to cross examine the witnesses against him *does* mean that the reason for the limitation should appear clearly and where there is doubt as to the legitimacy of the question that doubt must be resolved in favor of the questioner.

There is no good reason to hold the above question illegitimate. In the first place, the "opinion rule" should not be applied mechanically, like a guillotine, to every question which elicits an answer in the *form* of an opinion. See the excellent discussion in 1 Wigmore, §§ 1917 to 1929, and McCormack, EVIDENCE, §§ 11 to 15, on this issue. Whatever the merits of the application of the opinion rule in general, it has no application where the defendant on cross examination is attempting to elicit an opinion in order to impeach the credibility of the witness. In *Blue* v. *State* (1946), 224 Ind. 394, 67 N. E. 2d 377, this Court said:

> "We further suggest that the trial court in its discretion has wide latitude in permitting cross-examination to test the credibility of a witness by disclosing his general attitude toward the circumstances of the case, his interest, his motives, his prejudices, character and other influences which operate upon the mind, and only clear abuse of such discretion demands reversal." 224 Ind. at 403.

See also *Rariden* v. *State, supra; Bryant* v. *State* (1954), 233 Ind. 274, 118 N. E. 2d 894.

It is clear that the question at issue was intended to probe the witness' attitude toward the case, and his possible motives and prejudices which might have influenced his testimony. Any evidence which tended to show that appellant had become enmeshed in the criminal process due to Dunn's bias against appellant, Dunn's corruption or his incompetence as an investigator would be damaging to Dunn's credibility with the jury. In answer to appellant's question Dunn could give his opinion "yes" or "no". If "yes" then Dunn would have been in the position of explaining why such evidence was not sought in this case. The jury could then have weighed that explanation along with the possible explanation that it was not sought because Dunn was out to get appellant either because he disliked the appellant or to cover up for some other person. If Dunn answered "no" then there was a chance his credibility as an experienced police investigator would be lowered in the

eyes of the jury. The fact that the witness might have had a plausible explanation of why no fingerprint evidence was sought or that this type of question will often backfire on the questioner is not relevant here. The issue is whether the questioner should have the opportunity to run that risk in attempting to achieve the discrediting effect in the mind of the jury. No reason for the limitation of this type of impeachment appears and any doubt about the legitimacy of this question should be resolved in favor of the questioner.

I believe the above analysis is sufficient to establish the legitimacy of appellant's attempted cross examination. The majority opinion offers no rebuttal to this argument. It concedes that Dunn was an expert in criminal investigation but says his opinion as to which facts are most persuasive on a particular question usurped the function of the jury to weigh the evidence. In discussing the justification for the "opinion rule" Wigmore says:

> "A phrase, often put forward as explaining why the testimony we are concerned with is excluded, declares that the witness, if he were allowed to express his 'opinion' would be 'usurping the functions of the jury.'
>
> \* \* \*
>
> "This phrase is made to imply a moral impropriety or a tactical unfairness in the witness' expression of opinion.
>
> "In this aspect the phrase is so misleading, as well as so unsound, that it should be entirely repudiated. It is a mere bit of empty rhetoric. There is no such reason for the rule, because the witness, in expressing his opinion, is not attempting to 'usurp' the jury's function; nor could if he desired. He *is not* attempting it, because his error (if it were one) consists merely in offering to the jury a piece of testimony which ought not to go there; and he *could not* usurp it if he would, because the jury may still reject his opinion and accept some other view, and no legal power, not even the judge's order, can compel them to accept the witness' opinion against their own. That there is no hidden danger of 'Usurpation' lurking here, and no need of invoking sentiment to repel it, will be clearly seen if we remember that the improper evidence is equally inadmissible before a judge sitting without a jury. Whatever the organization of the

tribunal, it is not to waste its time in listening to superflous and cumbersome testimony."

See also McCormack, § 12, p. 26.

The questioner was not attempting to prove what evidence is in fact best but to get the witness' opinion on it because in this context merely stating his opinion could affect his credibility in the eyes of the jury. That is legitimate cross examination.

The two cases cited by the majority do indeed apply a general rule that conclusions may not be elicited on cross examination. In *Gayer* v. *State* (1965), 247 Ind. 113, 210 N. E. 2d 852, the trial court sustained an objection to the following question:

"Q.   And when he [prosecuting attorney] sic called you to the stand he had no idea what you would testify to?"

This Court said:

"We do not feel that error resulted at this point since the question clearly calls for a conclusion on part of the witness. Such questions may be excluded without error. *Bramlett* v. *State* (1949), 227 Ind. 662, 87 N. E. 2d 880." 247 Ind. at 120-121.

The Court offered no reasons for this view and cited only *Bramlett* v. *State* (1949), 227 Ind. 662, 87 N. E. 2d 880. In *Bramlett* the trial court sustained objection to certain questions but they are not set out in the opinion. The Court merely says the questions called for a conclusion and were excludible. The Court offered no reason and cited *Powers* v. *State* (1933), 204 Ind. 472, 184 N. E. 549. *Powers* is not in point at all. In that case this Court held it is not abuse of discretion for the trial court to exclude on cross examination *immaterial matter*. Therefore the cases relied on by the majority offer no *reason* to support the rule and they rely on an older case which neither discussed nor relied on the opinion rule. There is

neither authority nor reason to support the majority opinion holding on this issue.

NOTE.—Reported in 281 N. E. 2d 876.