WILLIAM EARL HUDSON *v.* STATE OF INDIANA.

[No. 176S5.  Filed April 28, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Kyle M. Payne,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *David Lee Pflum,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant waived trial by jury and was tried by the court. After his conviction of inflicting an injury in the perpetration of robbery on May 8, 1967, in Lake County Superior Court, appellant Hudson was sentenced to life imprisonment in the Indiana State Prison. Appellant was granted permission to file a belated motion to correct errors and be-

lated appeal. His motion to correct errors was denied by the trial court on May 6, 1977.

The record shows that on January 8, 1967, Joe Davis was beaten and robbed of $10.50 in the doorway of his apartment by co-defendant Edwards and another person. On January 21, 1967, after questioning by the Gary Police Department, appellant Hudson signed a statement waiving his rights and also signed a written confession. Although appellant subsequently denied any participation in the crime, according to his written confession appellant and co-defendant Edwards followed Davis to his apartment. As Davis opened the door, appellant grabbed and held Davis while the co-defendant beat him. At the close of the evidence, co-defendant Edwards changed his plea to guilty and, after questioning by the court, stated that appellant Hudson was present during the commission of the crime. Appellant Hudson did not change his plea.

Appellant argues two errors in the proceedings below: (1) that the state failed to present adequate and sufficient credible evidence upon which to warrant a conviction, and; (2) that the court's appointment of one attorney to represent both appellant and the co-defendant created a severe conflict of interest which denied appellant his Sixth Amendment right to effective assistance of counsel.

## I.

With regard to evidence linking appellant to participation in the crime committed, the record shows that: (1) prior to trial, appellant signed a written confession detailing his participation in the crime committed; (2) the co-defendant testified that appellant was present during the criminal activity, and; (3) the victim testified that the co-defendant and another person beat and robbed him. The victim's sole means of identifying the appellant as the other participant was that he was about the same size as one of his assailants.

Appellant argues the trier of fact should not have given

any weight to his signed extra-judicial confession and, absent the confession, the evidence presented was insufficient to support his conviction.

In order for an extra-judicial confession to be admitted at trial, corroborating evidence of the corpus delicti must be introduced. *Wright* v. *State*, (1977) 266 Ind. 327, 363 N.E.2d 1221. To establish the corpus delicti, independent evidence must be presented showing the occurrence of the specific kind of injury and that someone's criminal act was the cause of the injury. For the preliminary purpose of determining the admissibility of a confession, the corpus delicti need not be proven beyond a reasonable doubt and may be established by circumstantial evidence. *Cambron* v. *State*, (1975) 262 Ind. 660, 322 N.E.2d 712. In the case at hand, the evidence presented sufficiently established that Joe Davis was beaten and robbed, thereby establishing the necessary corroborating evidence of the corpus delicti for admission of appellant's confession.

Once a confession is admitted, it is direct evidence of guilt of the criminal activity in question. *Hardin* v. *State*, (1964) 246 Ind. 23, 201 N.E.2d 333. It is to be weighed along with every other item of evidence in determining whether the defendant was the agent of the crime. *Cambron, supra.* Determining the weight assigned to each item of evidence and the logical inferences to be drawn therefrom is the function of the trier of fact. *LeFlore* v. *State*, (1972) 258 Ind. 458, 281 N.E.2d 876. When reviewing the sufficiency of the evidence, this court will not judge the credibility of witnesses nor weigh the evidence. We will look only at the evidence most favorable to the state and the reasonable inferences to be drawn therefrom. A verdict will not be disturbed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Matthew* v. *State*, (1975) 263 Ind. 672, 337 N.E.2d 821.

Here, appellant's confession was corroborated by sufficient

evidence establishing the corpus delicti. It was therefore properly considered as evidence of appellant's guilt. This confession along with other evidence adduced at trial formed a sufficient basis to find appellant guilty of infliction of the injury in the perpetration of robbery.

## II.

Appellant next argues the court's appointment of one attorney to represent both appellant and co-defendant at trial created a conflict of interest which violated appellant's right to effective assistance of counsel.

The assistance of counsel guaranteed by the Sixth Amendment contemplates that it be unimpaired by court ordered representation requiring one attorney to simultaneously represent parties with conflicting interests. *Glasser* v. *United States,* (1941) 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. However, the fact that one attorney is appointed to represent co-defendants does not establish either that his efforts were ineffective or that the defendant lacked undivided assistance of counsel. *United States* v. *Langston,* 194 F. Supp. 891 (W.D.Pa. 1971). We have consistently held that there is a strong presumption that counsel has competently discharged his duties. This presumption is overcome only by a showing that his actions were a mockery of justice, shocking to the conscience of the court. *Meyers* v. *State,* (1975) 252 Ind. 613, 321 N.E.2d 201; *Haddock* v. *State,* (1973) 260 Ind. 593, 298 N.E.2d 418.

Here, there is no indication that appellant's attorney incompetenly discharged his duties. Appellant and co-defendant Edwards neither objected to representation by the same attorney, nor was there any suggestion that either was dissatisfied with counsel's efforts. The fact that they had differing statements as to what transpired does not establish a conflict of interest. The differences in their statements were on details only, and did not basically change the theory of the event. The parties were not in the position of blaming

each other to absolve themselves. Edwards' statement of the event was similar to appellant's signed confession. In addition, appellant's conviction was based on his written confession and not on the co-defendant's testimony. We, therefore, hold that appellant was not denied his constitutional right to effective assistance of counsel when the court appointed one attorney to represent both appellant and co-defendant.

The judgment of the trial court is affirmed.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DeBruler, J.—I cannot agree that appellant received the effective assistance of counsel guaranteed him by the Sixth Amendment. This guarantee entitles the accused to representation by counsel whose allegiance is not divided between that of accused and the conflicting interests of a co-defendant. *Glasser* v. *United States,* (1941) 315 U.S. 60, 62 S. Ct. 457, 86 L.Ed. 680; *United States* v. *Gaines,* (7th Cir., 1976) 529 F.2d 1038; *United States* v. *Bell,* (D.C. Cir. 1974) 506 F.2d 207. The "presumption of competence" and "mockery of justice" language has no place in determining whether conflicting interests of jointly represented defendants deprive the accused of effective representation:

> "To determine the precise degree of prejudice sustained by Glasser as a result of the court's appointment of Stewart [Glasser's attorney] as counsel for Kretske [Glasser's co-defendant] is at once difficult and unnecessary. The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." *Glasser* v. *United States, supra,* at 315 U.S. 75-76, 62 S.Ct. 467. *Accord, Holloway* v. *Arkansas,* (1978) 435 U.S. 475, 98 S.Ct. 1173, 53 L.Ed.2d 426.

I agree that in the trial of appellant and his co-defendant Edwards, the interests of the defendants were not initially in conflict. Both sought to avoid the force of their respective statements to the police, which were substantially identical, by

offering trial testimony recounting wholly consistent versions of the alleged offense. Up until the defense rested, no actual conflict between the interests of the two defendants had emerged. Since the accused is denied effective representation only when actual conflict or other prejudice is shown, *Martin* v. *State,* (1974) 262 Ind. 232, 314 N.E.2d 60, the events up to this stage of the trial disclose no infringement of appellant's Sixth Amendment rights.

However, when both sides had rested, the trial court, before announcing its finding and judgment, inquired whether appellant and Edwards wished to plead guilty to a lesser offense. Appellant refused, but Edwards agreed, and the court received and accepted his plea. Then the following exchange occurred:

> "BY THE COURT:
> Come on up here, Mr. Edwards, by yourself.
>
> Q. *Mr. Hudson tells me that he doesn't know anything about it. He was there, was he not?*
>
> A. Yes.
>
> BY THE COURT:
> All right, Mr. Edwards, the Court now sentences you to one (1) year at the Indiana State Farm. Mr. Hudson, will you please step up here, come up here, please?
> Court now sentences you to life imprisonment."
>
> (Emphasis added.)

Thereupon defense counsel endeavored to persuade appellant to change his plea to guilty; appellant persisted in his refusal. The trial court then explained:

> "BY THE COURT:
> I already found him guilty; I just asked if they wanted to withdraw their plea.
>
> BY MR. SENAK:
> It had nothing to do with their guilty [sic], or in sentencing?
>
> BY THE COURT:
> That's right."

Appellant was entitled to a determination of his guilt based upon evidence received in court, subject to cross-examination. *Parker* v. *Gladden,* (1966) 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420; *Turner* v. *Louisiana,* (1965) 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424. Notwithstanding the lower court's disclaimer of reliance upon Edwards' response, the question was improper. Had appellant's counsel objected promptly, the court might have withdrawn the question before it was answered. Trial counsel was placed in a position of divided allegiance by the question; his duty to protect appellant from prejudicial non-evidentiary remarks conflicted with his duty to secure the benefits of an advantageous plea bargain for Edwards. This conflict could have been avoided had counsel withdrawn his appearance for Edwards, whose guilty plea could have been continued for the arranging of other representation. Counsel sought to resolve this conflict by importuning appellant to avail himself of the same bargain. In hindsight it appears that appellant might have been wise to do so. Nonetheless a criminal defendant who declines to plead guilty, wisely or unwisely, is entitled to a defense unhindered by his attorney's conflicting duty to safeguard a co-defendant's plea bargain. Appellant was denied this, and his conviction should therefore be reversed.

NOTE.—Reported at 375 N.E.2d 195.