Willie WHITE, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 3–1179A332.

Court of Appeals of Indiana,
Third District.

May 22, 1980.

William E. Davis, East Chicago, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Willie White, Jr. was charged and convicted by jury of the crime of Criminal Confinement,[1] a class D felony. He was sentenced to the Indiana Department of Correction for a period of two years.

On appeal, White raises three issues for our consideration:

(1) Was his confession rendered inadmissible due to inducements and promises made by police during questioning?

(2) Was the introduction of testimony concerning the victim's death immaterial and prejudicial?

(3) Was sufficient evidence of the corpus delicti of the crime introduced to enable the trial court to admit White's confession?

We affirm.

The facts relevant to our disposition of the case indicate that the victim, Nathaniel Williams, was found dead two days after the occurrence of the crime of Criminal Confinement. He was last seen by his wife in front of their home as he was removing snow from their car in preparation for a trip to Chicago.

Based upon information provided by White's sister, White was arrested and brought to the police station for questioning. He subsequently confessed that he and some friends had "grabbed Nate," "put him into the car" and then had driven away. In his statement, White said Williams "was crying when he was in the car." White explained that he had been let out of the car at a street corner in Hammond before the others had driven off with Williams.

I.

Confession

White argues that his confession was involuntary and should not have been admitted into evidence as it was obtained as the result of improper promises by police during interrogation.[2] He contends that the statement by police that "if you help us like your sister, we'll help you" constituted a promise of assistance. The investigating officer testified that, while he did not recall making this statement, it was possible that such a comment had been made. White further claims that, in order to insure his cooperation, the police had wrongfully permitted his sister to be present during the questioning.

Before proceeding, we note that the record reveals that White had asked the police to allow his sister to be with him during the questioning. One of the police officers testified that White had apparently felt more at ease with his sister there and that he had never objected to her presence. By permitting and even requesting the presence of his sister, White may not now complain of this alleged error.

1. "[IC 1971] 35–42–3–3. Criminal confinement.—A person who knowingly or intentionally:

*   *   *   *   *   *

(2) Removes another person, by fraud, enticement, force, or threat of force, from one place to another; commits criminal confinement, a class D felony.  .  .  . ."

2. The evidence shows that before the police questioned White about the incident, they had advised him of his *Miranda* rights and also had presented them to him in writing. White stated that he had understood these rights and had signed the waiver forms accordingly.

The question of the admissibility of a confession, as to whether or not it was made voluntarily, is to be determined from the totality of the circumstances. The circumstances to be considered include whether the confession was freely self-determined, whether it was the product of a rational intellect and free will, without compulsion or inducement, and whether the accused's will was overborne. *Harrison v. State* (1978), Ind., 382 N.E.2d 920. On appeal, we review such questions as we do other sufficiency matters. We will not weigh the evidence, but rather look to determine whether there is substantial probative evidence to support the trial court's finding. *Porter v. State* (1979), Ind., 391 N.E.2d 801.

White claims that the police officer's statement that "if you help us like your sister, we'll help you" induced him to make his confession. The Indiana Supreme Court has held that a confession is inadmissible if it is obtained by a promise of immunity or mitigation of punishment. *Ashby v. State* (1976), 265 Ind. 316, 354 N.E.2d 192.

The Court, however, has carefully distinguished a number of situations in which statements by police were so "vague and indefinite" as to fail to constitute inducements sufficient to render the confessions involuntary. *See Harrison, supra*; *Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188. This distinction was recently reiterated in *Love v. State* (1980), Ind., 400 N.E.2d 1371, where the Court held that the defendant's statement was not rendered involuntary because he was told by police that "his cooperation might help in assisting him." We conclude that the statement, if indeed it was made, in the case at hand did not amount to the promise of the kind prohibited by *Ashby, supra*. The trial court was justified in finding White's confession was not a product of improper inducements or promises.

## II.

### Materiality

White next asks whether the introduction of testimony concerning Williams' death was immaterial and prejudicial. Without citing any pertinent authority, he argues that the admission of such evidence suggested to the jury that he was involved in Williams' death. We share White's concern as to the jury's potential confusion, but he has failed to show us that such has occurred.

The trial court was obviously aware of the potential for prejudice when it refused to admit photographs showing the body of the victim. It only allowed the police to testify as to the discovery of the body in East Chicago. The fact that Williams' body was found approximately three miles from his home was properly admitted for the purpose of tending to show an element of the crime of Criminal Confinement, the removal of a person "from one place to another." Any evidence tending to prove a material fact is admissible even though its tendency to prove that fact is slight. *Wilson v. State* (1978), Ind., 374 N.E.2d 45.

## III.

### Corpus Delicti

White finally argues that the trial court erred when it admitted his confession without establishing the corpus delicti. A defendant's confession is not admissible unless there is independent proof of the corpus delicti. To establish the corpus delicti, the State must produce evidence, other than the confession which shows that the specific crime charged was committed by someone. *Udchitz v. State* (1979), Ind.App., 398 N.E.2d 688. For the preliminary purpose of determining the admissibility of a confession, the corpus delicti need not be proven beyond a reasonable doubt. It may be established by circumstantial evidence. *Porter, supra*, at 809; *Hudson v. State* (1978), Ind., 375 N.E.2d 195, 196. Because the order of proof is within the trial court's discretion, the State is not required to establish the corpus delicti before introducing the confession. *Porter, supra*.

The crime in question is Criminal Confinement. Thus, to establish the

corpus delicti, it is necessary for the State to demonstrate that a person had removed another person from one place to another. It must also show that this act was accomplished through the use of fraud, enticement, force or the threat of force.

The record reveals that Williams was last seen by his wife on November 27, 1977 as he was brushing snow off of their only car in preparation for a trip to Chicago. Mrs. Williams explained that they were planning to leave as soon as he was finished with the car. She further testified that, in the six years she had known him, Williams had never left without informing her of his plans.

Williams' body was found in East Chicago, two days after he had disappeared from the front of their home. We are cognizant of the fact that White was not charged with Williams' murder and that he says that he was unaware of the death until being informed about it by the news media.

White argues that the circumstances of Williams' death shed "no light at all on whether or not the victim was confined by the defendant or anyone else." We might agree with White's contention if the testimony regarding the discovery of Williams' body three miles from his home were the sole evidence presented to establish the corpus delicti. This, however, is not the case. The evidence concerning Williams' death must be considered in the light of Mrs. Williams' testimony. In doing so, we find that it could be reasonably inferred that Williams did not leave his home voluntarily. The evidence suggests that Williams had been unwillingly removed from one place to another by someone. Because the corpus delicti may be shown by circumstantial evidence and it need not be proven beyond a reasonable doubt, we conclude that there was sufficient evidence presented to establish the corpus delicti for the proper admission of White's confession.

Finding no error, we affirm the judgment of the trial court.

GARRARD, P. J., and HOFFMAN, J., concur.