**Raymond COOPER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1–382A70.**

Court of Appeals of Indiana, First District.

Aug. 25, 1982.

Ruth M. Acheson, Monroe County Deputy Public Defender, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Raymond Cooper (Cooper) appeals his conviction of conspiracy. This appeal presents the following issues for review.

(1) Whether the trial court erred in admitting into evidence certain opinion testimony.

(2) Whether the court erred in admitting into evidence an extrajudicial statement made by the victim.

(3) Whether the court erred in admitting into evidence an extrajudicial statement made by the defendant.

(4) Whether the court erred in limiting the scope of the victim's cross examination.

(5) Whether there is sufficient evidence to sustain the verdict.

(6) Whether the defendant was denied effective assistance of counsel.

On December 6, 1980, William Fitch (Fitch) telephoned Robert Iatarola (Iatarola) in Bloomington, Indiana concerning the possibility of purchasing some marijuana. Fitch arrived in Bloomington and telephoned Iatarola again and asked him to remove all other persons from the apartment. Soon thereafter, while Iatarola and his guests were watching television, someone knocked on the door. Iatarola asked who was there and someone answered "It's Billie." Iatarola opened the door and found the defendant, Raymond Cooper, (Cooper) holding a shotgun. Behind Cooper stood another man holding a .38 caliber pistol. Iatarola grabbed Cooper and pushed him back into the second man. A shot rang out and both Cooper and the other man dropped

their weapons and fled. Officer Roger Kelley of the Bloomington Police Department was driving past the building at this time and saw Cooper and the other man fleeing. Officer Kelley gave chase and captured five men including Cooper and Fitch.

At trial, Officer Kelley testified that he removed a substance from the staircase railing outside of Iatarola's apartment which appeared to be a .38 caliber slug. Cooper asserts that the testimony should not have been admitted because the State failed to lay a foundation qualifying Officer Kelley as an expert witness capable of accurately identifying the caliber of a slug.

Generally, opinion evidence is inadmissible. *LeFlore v. State*, (1972) 258 Ind. 458, 281 N.E.2d 876. However, this rule should not be applied mechanically to every situation. *See, Ball v. State*, (1980) Ind.App., 406 N.E.2d 305. The admission of opinion testimony is largely within the discretion of the trial court. We review the exercise of that discretion only for the abuse thereof. *Id.*

■ We find no abuse by the trial court in the present situation. Officer Kelley testified that he has been a police officer for approximately fourteen years. Although he may not be a firearms expert, his years of experience as a police officer would certainly give him more familiarity with firearms than that possessed by individuals generally. Consequently, it is entirely reasonable that Officer Kelley could identify the caliber of a particular slug.[1]

■ Cooper also asserts that the trial court erred in allowing testimony by Officer Kelley which explained why "heavy metal tests" were not performed on Iatarola's hands. Cooper maintains that the State failed to lay a foundation establishing Officer Kelley as an expert in heavy metal testing and thus concluded he was unquali-

1. Cf. *Ralston v. State*, (1980) Ind.App., 412 N.E.2d 239. In prosecution for attempted possession of a controlled substance, there was no error in overruling defendant's objection to question to pharmacist about whether certain drug contained ingredient which was a con-

trolled substance. The court held that the question was one for which a pharmacist might reasonably have been expected to answer based upon his training, study, and experience. *See also* 7 Wigmore, Evidence § 1923 (Chadbourn rev. 1978).

fied to render an opinion about why these tests were not performed.

Again, there was no abuse of discretion by the trial court. The testimony elicited concerned the reason for not performing the tests. Officer Kelley responded that he was unaware the tests existed. He did not render an opinion about the potential benefits of performing such tests. Cooper's argument is thus without merit.

■ Cooper's third allegation of error is that the trial court erred in allowing Officer Kelley to testify concerning an extra-judicial statement made by Iatarola. In Indiana, extra-judicial statements are admissible for purposes of impeachment and also as substantive evidence, provided the out-of-court declarant is present at trial and available for cross-examination. *Patterson v. State*, (1975) 263 Ind. 55, 324 N.E.2d 482. In addition, this court has articulated foundational requirements for the admission of extra-judicial statements under the *Patterson* rule. In *Carter v. State*, (1980) Ind. App., 412 N.E.2d 825, we held that before a witness can testify about an extra-judicial statement made by another person, the statement has to be offered to the out-of-court declarant while he is testifying.

■ In the case at bar, Officer Kelley was the first State's witness called and Iatarola's statement, which was the subject of Officer Kelley's testimony, was not first offered to Iatarola. Cooper contends that the admission of Iatarola's extra-judicial statement is reversible error. We disagree.

The court in *Carter* held that when the foundational requirement is not met, error may be cured if the declarant on the witness stand subsequently affirms the substance of the declaration. On cross-examination, Iatarola admitted making the statement and affirmed its substance. Any error in failing to have him acknowledge the statement before admitting it into evidence was cured.

■ Cooper's next assertion of error concerns the admissibility of a statement he made to the police at the time of his arrest. He maintains that based upon the totality of the circumstances, the State failed to prove that he knowingly and intelligently waived his rights prior to making the statement. Initially, we note that Cooper did not even provide this court with the statement upon which his error is predicated.

In reviewing the court's findings on this issue, we will consider the evidence which supports the trial court's decision. *Garratt v. State*, (1976) 265 Ind. 63, 351 N.E.2d 10. The evidence shows that after Cooper was advised of his rights he indicated that he wanted to make a statement. After the statement was recorded he was also given the opportunity to read it and note any corrections. Sufficient evidence exists to support the trial court's finding of voluntariness.

Cooper also maintains that the trial court erred in limiting Iatarola's cross-examination. During direct examination, the State elicited testimony concerning Iatarola selling marijuana to William Fitch. During cross-examination, counsel attempted to ask Iatarola questions concerning the street value of marijuana. The trial court sustained the State's stating that the street value was immaterial.

■ The trial court has discretion in admitting or excluding collateral evidence. Absent an abuse of discretion, the ruling will not be disturbed. *U. S. v. Rumell*, (7th Cir. 1981) 642 F.2d 213; *Misenheimer v. State*, (1978) Ind., 374 N.E.2d 523. We agree with the trial court's determination and find no abuse of discretion.

■ Cooper also alleges that the verdict is unsupported by sufficient evidence. He calls upon this court to determine the weight of the evidence. This we will not do. We will neither reweigh the evidence nor judge the credibility of witnesses. *McChristian v. State*, (1979) Ind., 396 N.E.2d 356; *Woods v. State*, (1980) Ind., 413 N.E.2d 572, 575. From the evidence presented by the State, the jury could have found beyond a reasonable doubt that Cooper did commit the act with which he was charged.

**1054**

Finally, Cooper asserts that he was denied effective assistance of counsel in violation of the Sixth Amendment of the Constitution. His argument focuses on the fact that his counsel, Robert Levinson (Levinson) also represented four of his co-defendants. Our supreme court has stated that simultaneous representation of co-defendants is fraught with potential for chaos. *Ross v. State*, (1978) Ind., 377 N.E.2d 634. However, simultaneous representation of co-defendants is not per se evidence of ineffective counsel. Actual prejudice must be shown. *Stoehr v. State*, (1975) 263 Ind. 208, 328 N.E.2d 422. Moreover, there is a presumption that an attorney has discharged his duty fully, and it requires strong and convincing proof to overcome this presumption. *Smith v. State*, (1979) Ind., 396 N.E.2d 898, 899.

In the present case, we do not find from the totality of the circumstances sufficient evidence to warrant a finding of ineffective assistance of counsel. Cooper asserts that he was ill-advised about whether to take the stand and testify. A decision such as this is merely part of trial strategy and does not amount to ineffective assistance of counsel. *See, Smith, supra* at 900.

The only other claim of actual prejudice asserted by Cooper, is the failure of counsel to adequately inform him of possible conflicts that could result from simultaneous representation. There is conflicting testimony in this regard, however, we feel that any inadequacies that may have existed were not such as to deny Cooper adequate legal representation. Examination of the facts and circumstances of this trial do not indicate a "mockery of justice". *Dixon v. State*, (1982) Ind., 437 N.E.2d 1318.

The trial court is affirmed.

RATLIFF, P. J., and NEAL, J., concur.