Cleveland Glenn BYNUM, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 45A03–8602–CR–43.

Court of Appeals of Indiana,
Third District.

Oct. 9, 1986.

Scott L. King, Office of the Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

Cleveland Glenn Bynum (Bynum) was convicted by a jury of the crime of Involuntary Manslaughter, a class C felony, for his part in the death of Grant Johnson, Jr., a two year old boy. Bynum perfected this appeal, and requests this court to review the following issues:

1) Whether the evidence was sufficient to establish the *corpus delicti* of the offense; and

2) Whether the evidence was sufficient to support the jury's verdict.

Affirmed.

I.

*Corpus Delicti*

When this court reviews the sufficiency of the evidence we will neither weigh the evidence nor judge the credibility of witnesses. We consider the evidence most favorable to the State and all the reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value on each element of the crime, we will not disturb the judgment. *Morrison v. State* (1984), Ind., 462 N.E.2d 72, 74. Bynum's challenge of the evidence establishing the corpus delicti will be reviewed from this perspective.

The evidence most favorable to the State is that on January 18, 1983, Grant Johnson's mother left her healthy child in By-

num's care while she went to work. Later that afternoon, Bynum brought the child to the hospital, where the child was pronounced dead. Bynum told hospital personnel that the child had fallen in the bathroom.

On January 21, 1983, Bynum made a statement to the Gary Police in which he admitted twice hitting the child's head with his closed fist, knocking the child to the floor each time. After the second blow, the child was unconscious. In this condition, he took the child to the hospital. Later, the child died. Bynum stated that he hit the child in anger because the child had wet his pants. This statement was admitted into evidence as State's Exhibit No. 7.

There was also evidence that on previous occasions Bynum had struck the child. During the trial, the child's mother testified that she was aware that sometimes Bynum had whipped the child with a belt.

The medical evidence revealed that there were multiple hemorrhages in the deep tissues of the frontal and parietal portions of the child's scalp. His brain was swollen, too. The doctor who performed the autopsy opined that " ... the multiple hemorrhage, multiple trauma, I call it, or force to the head of the child, is consistent with causing death to the child." R. 211. The doctor also testified that it was not the hemorrhage of the tissue itself that caused the child's death, but the trauma, whatever it was, that caused the hemorrhage and was ultimately responsible for the child's death. When the doctor performed the autopsy, he was unaware of the circumstances surrounding the child's death, and he had no knowledge of Bynum's statements either to police or the hospital staff.

■ Bynum's statement that he struck the child about the head with his fist was introduced as evidence. It is a well established point of criminal law that in order for a confession to be admitted at trial, there must be corroborating evidence that indeed a crime has been committed. *Graham v. State* (1984), Ind., 464 N.E.2d 1, 7, *reh. den.* In order to establish the corpus delicti, evidence independent of the confession must be presented. This evidence does not have to prove the corpus delicti beyond a reasonable doubt, and it need not be so conclusive as to dispel every reasonable hypothesis of innocence. *Grey v. State* (1980), 273 Ind. 439, 404 N.E.2d 1348, 1350. The corpus delicti may be established by circumstantial evidence. *Graham, supra,* 464 N.E.2d at 7.

■ In the case at bar, the medical evidence established that the child had died, and that the body contained multiple hemorrhages caused by trauma to the head. In the physician's opinion, the trauma was sufficient to cause lethal injury. Although this evidence alone would be insufficient to sustain a guilty verdict, it does support a reasonable inference that the child's death was caused by someone who struck him repeatedly on the head. A reasonable inference from the evidence that a crime was committed, drawn independently from the confession, is all that is needed to establish the corpus delicti. *Grey, supra,* 404 N.E.2d at 1350. Our conclusion is that the State, through the testimony of its medical witness, has established the corpus delicti for the crime for which Bynum was convicted. *See also, White v. State* (1980), Ind.App., 404 N.E.2d 1144, 1146. (State is not required to establish the corpus delicti before introducing the confession).

## II.

### *Jury Verdict*

Bynum also challenges the jury's verdict on sufficiency of the evidence grounds. We will not reweigh evidence or judge witness credibility, but we will determine if the verdict is sustained by substantive evidence of probative value, which would permit a reasonable trier of fact to find each element of the offense beyond a reasonable doubt. *Pyle v. State* (1985), Ind., 476 N.E.2d 124, 126.

■ Involuntary manslaughter is committed by a person who kills another human being while committing or attempting to commit battery. West's AIC 35-42-1-4.

Here, the medical evidence used to establish the corpus delicti, and Bynum's out of court statement regarding his role in the child's death provide sufficient evidence to sustain the jury's verdict. A confession is direct evidence of guilt of the criminal activity in question. *Hudson v. State* (1978), 268 Ind. 310, 375 N.E.2d 195, 196.

The trial court is affirmed.

HOFFMAN and GARRARD, JJ., concur.