Paul PEARMAN, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 83A01–8605–CR–122.

Court of Appeals of Indiana, First District.

Nov. 3, 1986.

Rehearing Denied Dec. 22, 1986.

Woodrow S. Nasser, Terre Haute, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Paul Pearman appeals his conviction by jury trial of two counts of incest involving acts of sexual intercourse with his stepdaughter, G.C. We affirm.

## FACTS

Pearman was charged with two separate acts of sexual intercourse with G.C., on July 5, 1983, and January 11, 1984. G.C. testified as to these acts of intercourse and that Pearman was married to her mother. In addition, a deed wherein Pearman and G.C.'s mother, Barbara Pearman, were grantors which recited they were husband and wife, and a mortgage wherein Pearman and Barbara were mortgagors which contained a like recitation, were admitted into evidence. Further, testimony was received from two police officers that Pearman stated to them he was married to Barbara, G.C.'s mother.

## ISSUES

Pearman raises the following issues which we have restated:

1. Did the trial court err in admitting certain evidence tending to prove Pearman was married to the victim's mother?

2. Did the trial court err in refusing certain instructions tendered by Pearman?

3. Did the trial court err in denying Pearman's motion for a directed verdict?

4. Was the evidence sufficient to sustain the conviction.

## DISCUSSION AND DECISION

*Issue One*

■ The Indiana statute defining the crime of incest, a class D felony, provides insofar as relevant to this case, that a person eighteen years of age or older who engages in sexual intercourse with another person knowing that other person is his stepchild is guilty of incest. Ind. Code § 35-46-1-3(a). Thus, to sustain the convictions in this case, it was necessary for the state to prove beyond a reasonable doubt that at the time of the acts of intercourse alleged, Pearman was married to G.C.'s mother, 41 Am.Jur.2d, *Incest*, § 8,

(1968) and that Pearman knew G.C. was his step-daughter. No issue is raised as to Pearman's knowledge that G.C. was Barbara's daughter. Rather, he attacks only the sufficiency of the evidence to prove his marriage to Barbara, and the admissibility of evidence offered by the state on that issue. Pearman contends first that the only proper and admissible evidence of the marriage is the marriage certificate. He is in error.

■ Facts in criminal prosecutions can be proved by circumstantial evidence as well as by direct evidence. *Brunes v. State* (1985), Ind.App., 475 N.E.2d 356. It is not necessary to produce the marriage certificate to prove a valid marriage. 52 Am.Jur.2d, *Marriage*, § 151 (1975). The fact of marriage can be proven by the declaration of a party to the marriage. 52 Am.Jur.2d, *Marriage*, § 153 (1975). In fact, our supreme court has held in bigamy prosecutions, the admissions of the defendant are competent to prove his prior marriage. *Squire v. State* (1874), 46 Ind. 459; *State v. Seals* (1861), 16 Ind. 352. Thus, the statements of Pearman to the officers that he was married to Barbara were competent proof of their marriage. *Id.* Pearman, however, contends such declarations were not admissible because the state had not proved *corpus delicti* by independent evidence, asserting the well established rule that *corpus delicti* may not be proved solely by the extra-judicial admission of the accused.

Our supreme court recently dealt with the *corpus delicti* issue in *Moore v. State* (1986), 498 N.E.2d 1. There, Justice Pivarnik, writing for the supreme court, stated:

"To establish the *corpus delicti*, evidence independent of a defendant's confession must be presented which shows that a criminal act actually occurred. *Graham v. State* (1984), Ind., 464 N.E.2d 1, 7, *reh. denied.* In order for a confession to be admitted at trial, corroborating evidence of the *corpus delicti* must be introduced. *Hudson v. State* (1978), 268 Ind. 310, 313, 375 N.E.2d 195, 196. However, although it is preferable to first establish the *corpus delicti* before offering a confession or statement against interest, it is not necessary. The order of proof is within the sound discretion of the trial court. *Evans v. State* (1984), Ind., 460 N.E.2d 500, 502. Further, circumstantial evidence may establish the *corpus delicti* and it need not be proven beyond a reasonable doubt. *Graham, supra.*"

*Moore*, at 4.

■ In our view, there was ample evidence to establish *corpus delicti.* G.C. testified to the acts of intercourse and that Pearman was the husband of her mother. Further, the deed and mortgage wherein Pearman and Barbara were grantors and mortgagors, respectively, recited that they were husband and wife. Such evidence is sufficient proof of *corpus delicti* to permit admission of Pearman's statements admitting his marriage to Barbara.

Pearman challenges the admissibility of the deed and mortgage as evidence of marriage, claiming such were attempts to prove marriage collaterally before *corpus delicti* was established. This argument is unavailing. The requirement of independent proof of *corpus delicti* pertains only to the admission into evidence of the extra-judicial admissions of the accused. It is not relevant to the question of the admission of these documents.

Although no Indiana case directly bearing on this issue has been found, cases from other jurisdictions have upheld the use of deeds reciting the grantors to be husband and wife as proof of marriage, *In re Lamond's Estate* (1947), 68 N.Y.S.2d 690, *aff'd* 273 App.Div. 751, 75 N.Y.S.2d 509, and a recital that the grantor was a bachelor as proof of no marriage. *Bishop v. Brittain Inv. Co.* (1910), 229 Mo. 699, 129 S.W. 668. It is true these cases involved common-law marriages which no longer are recognized in this state, but we believe such instruments constitute evidence of marriage and, at the least, were sufficient evidence of *corpus delicti* to allow admission of Pearman's statements admitting his marriage to Barbara.

The trial court did not err in admitting the documentary evidence and extra-judicial admissions of Pearman to establish the fact of his marriage to G.C.'s mother.

*Issue Two*

Pearman contends the trial court erred in refusing his tendered instructions 4, 5, and 6, which addressed the requirement of proof of marriage. The trial court did instruct the jury that the state had to prove that "the defendant (1) was 18 years of age or older (2) engaged in sexual intercourse with another person (3) knowing that the other person was his step-child." The court also gave defendant's tendered instructions 2 and 3, as follows:

### "DEFENDANT'S FINAL INSTRUCTION NO. 2

"A 'step-child' is the child of one spouse born from a former marriage or association with a person other than his or her current spouse. In order for a child to be a stepchild of a person, that person must be legally married to the child's natural Mother or Father."

### "DEFENDANT'S FINAL INSTRUCTION NO. 3

"Indiana recognizes no presumption that persons are married, and evidence or cohabitation will not alone constitute proof of marriage."

The issues were covered adequately by the instructions given. It is not error to refuse an instruction the substance of which is covered by another instruction given by the court. *Hansford v. State* (1986) Ind., 490 N.E.2d 1083.

*Issues Three and Four*

Pearman challenges the denial of his motion for a directed verdict and the sufficiency of the evidence to sustain the conviction. Both raise the same issue. In reviewing sufficiency questions, we consider only the evidence favorable to verdict and all reasonable inferences which may be drawn therefrom. We neither weigh the evidence nor judge the credibility of witnesses. If there is substantial evidence of probative value to support each element of the offense beyond a reasonable doubt the conviction will be affirmed. *Hansford* at 1088.

Pearman attacks only the sufficiency of the evidence to establish the marriage of Pearman and Barbara. The evidence admitted on that issue was properly admitted. The existence of such marriage was a question of fact for the jury to determine. The evidence was sufficient.

Judgment affirmed.

ROBERTSON, P.J., and NEAL, J., concur.