## BRAMLETT V. STATE OF INDIANA

[No. 28,590.  Filed October 7, 1949.  Rehearing denied
November 8, 1949.]

*Albert Ward* and *Palmer K. Ward,* both of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General, *Merl M. Wall* and *Walter O. Lewis,* Deputy Attorneys General, for appellee.

STARR, J.—The appellant was charged by indictment with the crime of rape on a female person under the age of sixteen years as defined by Burns' 1942 Replacement § 10-4201. A trial was had before the court which resulted in a finding and judgment of guilty, from which the appeal has been taken.

By his assignment of error the appellant has presented as grounds for reversal the questions hereinafter discussed and decided.

Appellant contends that the record fails to show that he waived his right to a jury trial. The record discloses that the appellant was represented by counsel when his cause was submitted for trial before the court without the intervention of a jury; that neither he nor his counsel demanded a jury, but proceeded without objection to trial before the court. Appellant makes no claim that he was not represented by competent counsel. Under these circumstances the appellant is deemed to have waived his right to a jury trial. *Lucas* v. *State* (1949), 227 Ind. 486, 86 N. E. 2d 682. See also *Irwin* v. *State* (1942), 220 Ind. 228, 41 N. E. 2d 809.

Appellant insists that the finding is not sustained by sufficient evidence due to the fact that his conviction

rests solely on the uncorroborated testimony of the prosecuting witness. It was not necessary that her testimony be corroborated. *Thomas* v. *State* (1949), 227 Ind. 42, 83 N. E. 2d 788; *Abshire* v. *State* (1927), 199 Ind. 474, 158 N. E. 227; *Cosilito* v. *State* (1926), 197 Ind. 419, 151 N. E. 129.

As a further failure of proof appellant claims there was no proof of penetration. This contention is wholly without merit. Without detailing the testimony of the prosecuting witness, it is sufficient to say that she stated definitely that there was penetration. Also at another place in her testimony she stated that appellant had "intercourse" with her. She also testified in detail as to the circumstances under which this intercourse took place. It is clear from all the testimony of the prosecuting witness that by intercourse she meant sexual intercourse, and the trial court properly so construed it. This court has held that proof of sexual intercourse in the manner as here proved includes proof of penetration. *DeShone* v. *State* (1934), 207 Ind. 380, 193 N. E. 223.

In further support of his motion for a new trial appellant challenges the action of the trial court in permitting the prosecuting witness, while testifying as a witness, to answer certain questions propounded to her. It is sufficient to say that appellant's objection in each instance came after the witness had answered and was, therefore, too late. *Swygart* v. *Willard* (1906), 166 Ind. 25, 76 N. E. 755; *Weideroder* v. *Mace* (1916), 184 Ind. 242, 111 N. E. 5.

Appellant asserts it was error for the court to sustain the appellee's objection to certain questions propounded by appellant to appellee's witness John J. Bevin on cross-examination. Each of these questions called for a conclusion and could be excluded

without error. *Powers* v. *State* (1933), 204 Ind. 472, 184 N. E. 549, 86 A. L. R. 166.

No other substantial questions are raised.

For the reasons hereinbefore set out the judgment is affirmed.

NOTE.—Reported in 87 N. E. 2d 880.