BENNY KINDLE *v.* STATE OF INDIANA.

[No. 372A151. Filed July 24, 1974. Rehearing denied August 26, 1974. Transfer denied October 15, 1974.]

*James H. Kelly,* of Mooresville, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Kindle was convicted of malicious trespass and assault and battery. His appeal from the overruling of his Belated Motion to Correct Errors raises the following issues:

(1) Whether appellant was denied effective assistance of counsel;

(2) Whether appellant knowingly and voluntarily waived his right to trial by jury; and

(3) Whether the trial court erred in overruling appellant's Belated Motion to Correct Errors without first conducting an evidentiary hearing.

Kindle was tried without a jury, found guilty as charged, and sentenced for a period of 90 days. Thereafter, his trial counsel filed a timely Motion to Correct Errors, which was overruled.

Three months later, with new counsel, Kindle obtained a change of judge pursuant to Ind. Rules of Procedure, Post-Conviction Remedy Rule 1(4)(B), and filed a petition for permission to file a Belated Motion to Correct Errors pursuant to PCR 2(1). Permission was granted by Special Judge Robert W. Neal in compliance with an order by this court. Kindle then filed his Belated Motion to Correct Errors. Judge Neal deferred the consideration of this motion to the trial judge. Without benefit of a hearing, the motion was overruled.

## ISSUE I.

Kindle first contends that he was not given effective assistance of counsel.

In Indiana, there is a presumption that an attorney has discharged his duty fully, effectively, and competently. *Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255; *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686. To overcome this presumption, appellant has the burden of presenting strong and convincing proof that what his attorney did or did not do made the entire proceedings a mockery and shocking to the conscience of the court. *Robbins* v. *State, supra.* Further, when presented with a claim of denial of effective assistance of counsel, a reviewing court must look to the totality of the circumstances to determine whether trial counsel was competent. Isolated instances of poor strategy, bad tactics, carelessness, mistakes, or inexperience does not necessarily amount to ineffective assistance of counsel unless, taken as a whole, the trial was a mockery of justice. *Blackburn* v. *State, supra.*

With the above standards in mind, an examination of Kindle's arguments in support of his claim of ineffective counsel resolves this issue in favor of appellee.

Kindle cites four specific grounds upon which his claim is based:

(1) Conflict of interests of defense counsel;

(2) Failure of counsel to request a change of venue from judge;

(3) Failure of counsel to introduce evidence important to the defense; and

(4) Failure of counsel to file an adequate Motion to Correct Errors.

Kindle analogizes this case with *Wilson* v. *Phend* (7th Cir. 1969), 417 F.2d 1197. In *Wilson* the court assumed petitioner's allegations to be true, and held that taken together, they were sufficient to indicate that Wilson was convicted without benefit of effective assistance of counsel. These allegations were:

"(1) The conflict of interest between Bangs' [Wilson's retained attorney] position as counsel and his ownership and active participation in the publication of a local newspaper;

(2) The prejudicial publicity in Bangs' and other newspapers and the failure of counsel to make any attempt to protect Wilson from the prejudice caused by such publicity at trial;

(3) The change of petitioner's plea without his prior knowledge or consent;

(4) The refusal of counsel to present the alibi witnesses and other exculpatory evidence; and

(5) The failure of counsel to file a timely motion for a new trial."

Kindle argues that four of the above five criteria are present in this case, and that he should be granted a new trial. We do not agree.

From a separate analysis of each of the four grounds propounded by Kindle, it is apparent that *Wilson* is distinguishable. Kindle's contention that the four grounds he

relies upon correspond to the criteria relied upon in *Wilson* is untenable.

(1) Conflict of interests of defense counsel.

In *Wilson* the petition alleged that defense counsel owned a local newspaper and actively participated in its publication. Wilson further alleged that his attorney's newspaper and other local newspapers carried front page pictures and accounts of the circumstances surrounding the crime charged and his arrest. He also claimed that his attorney, due to conflicting interests, failed to make an attempt to protect Wilson from the harmful effects of such publicity.

In contrast, Kindle asserts that his court appointed attorney was laboring under conflicting interests because he, on one hand, "had a duty to zealously argue for every right of Defendant . . . but on the other hand was trying to protect a relationship as defense counsel for [presiding] Judge Littell in a separate civil action pending against the judge as well as a favored position as one of those assigned to defend indigent persons. . . ."

We note that Kindle has not substantiated this claim by showing any specific instance where his attorney, instead of attempting to "zealously argue for every right of defendant", chose to forego such arguments in order to protect his alleged special relationship with Judge Littell. Rather, Kindle merely suggests that because his attorney was also the trial judge's attorney, he was unable to render effective assistance. Kindle does not support this bald allegation with either facts or authority.

Although the right to counsel guaranteed by the Constitution contemplates the services of an attorney devoted solely to the interests of his client,[1] we know of no rule nor has appellant directed our attention to any authority supporting the proposition that an attorney is incapable of rendering effective assistance to a

---

1. *Glasser* v. *United States* (1942), 315 U.S. 60, 62 S.Ct. 457.

criminal defendant merely because he is representing the trial judge in another matter. We will not speculate that this has occurred. Kindle had an affirmative burden to support his claim of ineffective assistance of counsel. Since he failed to show even one specific instance where his attorney sacrificed his rights in order to placate the court, we can not find that his right to effective assistance of counsel has been infringed.

Further, Kindle's reliance on *Wilson* is misplaced on this ground. There, petitioner affirmatively demonstrated how his counsel's conflicting interests had contributed to his denial of effective assistance of counsel. Wilson presented sufficient facts to the court to establish that his counsel had opted to protect his interest as publisher rather than his interest in protecting his client from the prejudicial publicity. Kindle has not done this.

(2) Failure of counsel to request a change of venue from judge.

In his brief, Kindle argues that he "feared that Judge Littell would be prejudicial against him because of the Judge's reputation and therefore asked his attorney to request a change of venue to another judge." Kindle asserts that his attorney declined to do so. However, the record before us does not support such a claim. Nor has Kindle supported this assertion with appropriate affidavits pursuant to Ind. Rules of Procedure, Trial Rule 59 (D).

While Kindle attempts to liken his claim to the second of the five criteria relied upon in *Wilson,* we are unable to comprehend such a comparison. Again, Kindle has failed to sustain his burden of proof on this claim. It is therefore not necessary that we consider whether such a claim, if properly presented and supported, would be sufficient to justify a finding that defendant was denied effective assistance of counsel.

(3) Failure of counsel to introduce evidence important to the defense.

Kindle contends that his counsel failed to elicit evidence which would have tended to discredit the prosecuting witness. We find this allegation meritless. The record affirmatively shows that during cross examination of the prosecuting witness, Kindle's trial counsel elicited evidence of prior convictions of the witness for traffic violations and assault and battery. It is apparent that the defense counsel did not fail to elicit evidence that would tend to discredit the prosecuting witness.

(4) Failure of counsel to file an adequate Motion to Correct Errors.

Kindle contends that, on its face, the Motion to Correct Errors filed by his trial counsel failed to comply with the requirements of TR. 59(B). We agree. Although the motion states the alleged errors with sufficient specificity, these errors are not supported by statements of facts or grounds upon which they are based. We further agree with Kindle's contention that this ground is similar to the fifth criteria relied upon by the *Wilson* court.

Despite the inadequacy of the motion, Kindle has not met his burden. In the absence of a showing of error occurring at trial, appellant was not prejudiced by the filing of an inadequate motion. Only where reversible error in fact is present, and counsel has failed to present it, could the failure to file an adequate motion bear upon the issue of ineffective assistance of counsel. Kindle has failed to direct our attention to any reversible error occurring at trial which his counsel overlooked to his prejudice.

## ISSUE II.

Under this issue, Kindle contends that he did not knowingly and voluntarily waive his right to trial by jury. For reasons hereinafter stated we do not agree.

The record shows that after defendant waived the reading of the affidavit at arraignment, the judge asked Kindle if

he wanted a trial by court, or by jury. Defendant's counsel responded by stating that a court trial was desired. The judge accepted this waiver of jury trial without specifically interrogating the defendant as to his understanding of the nature of his right to trial by jury and of the consequences of the waiver of that right. While this is not the most desirable procedure, it is our opinion that where defendant and his counsel are present in open court at the time trial by jury is waived, failure of the trial court to personally interrogate the defendant as to such waiver does not in and of itself vitiate the waiver.

The waiver of a constitutional right is always a serious matter. To be effective, such waiver must be voluntarily, knowingly, and intelligently made with sufficient awareness of the relevant circumstances surrounding its entry and its consequences. *Brady* v. *United States* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; *Lewis* v. *State* (1972), 259 Ind. 431, 288 N.E.2d 138; *Williams* v. *State* (1974), 159 Ind. App. 470, 307 N.E.2d 880.

"Waiver of one's right to trial by jury is no exception; the acceptance of its entry '. . . is not to be discharged as a matter of rote, but with sound and advised discretion.' *Patton* v. *United States, supra,* 281 U.S. at 312, 50 S.Ct. at 263." *Williams* v. *State, supra,* 307 N.E.2d at 883.

The preferred procedure for accepting waiver of right to trial by jury, as recommended by The American Bar Association Project on Standards for Criminal Justice (Trial by Jury, Part I, Section 1.2(b), is that:

"(b) The court should not accept a waiver unless the defendant, after being advised by the court of his right to trial by jury, personally waives his right to trial by jury, either in writing or in open court for the record."

This procedure would require that defendant be personally advised by the trial judge of his right to trial by jury, and would be consistent with the approach taken in accepting guilty pleas under IC 1971, 35-4.1-1-3, Ind. Ann. Stat. § 9-1204

(Burns Supp. 1973). Adoption of such a procedure would provide an additional safeguard against a defendant's involuntary waiver of his right. It would minimize the uncertainty resulting from the present reliance on defendant's attorney to explain to defendant both the nature of his right to a jury trial and the consequences of its waiver. Accordingly, this procedure has received support in numerous federal court decisions. See e.g. *Estrada* v. *United States* (7th Cir. 1972), 457 F.2d 255; *Hatcher* v. *United States* (D.C. Cir. 1965), 352 F.2d 364, cert. denied, 382 U.S. 1030, 86 S.Ct. 654; and *United States* v. *Hunt* (4th Cir. 1969), 413 F.2d 983.

In *Estrada* v. *United States, supra,* the court stated that although the personal interrogation of defendant by the trial judge is the preferred procedure, such a procedure is not compelled by either Federal Rules of Criminal Procedure, Rule 23(a), or by the Sixth Amendment. The *Estrada* court therefore held that a waiver of jury trial made in open court with defendant and his attorney present was not vitiated by the failure of the trial judge to personally interrogate the defendant.

Similarly, we do not find that such a procedure is presently compelled by IC 1971, 35-1-34-1, Ind. Ann. Stat. § 9-1803 (Burns 1956 Repl.).[2]

In further support of his claim under this issue, Kindle contends that since he has alleged incompetence of counsel as a major reason for his proceeding to trial by the court without objection, circumstances are such that it might be found that the right to jury trial has not been waived. As authority for this proposition, appellant cites *Bramlett* v. *State* (1949), 227 Ind. 662, 87 N.E.2d 880, wherein the court stated:

"The record discloses that the appellant was represented by counsel when his cause was submitted for trial before

---

2. § 9-1803 Reads: "Trial by court or jury.—The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. All other trials must be by jury. [Acts 1905, ch. 169, § 258, p. 584.]"

the court without the intervention of a jury; that neither he nor his counsel demanded a jury, but proceeded, without objection to trial before the court. Appellant makes no claim that he was not represented by competent counsel. Under these circumstances appellant is deemed to have waived his right to a jury trial."

Contrary to Kindle's contention, it is our opinion, that the foregoing does not stand for the proposition that mere allegation of incompetency of counsel is sufficient to invalidate a waiver of jury trial. As stated in *Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803:

"It is the duty of counsel, whether appointed or retained, to afford his client full and adequate representation and consultation. e.g. Brimhall v. State (1972), [258] Ind. [153], 279 N.E.2d 557, 561-562, 565-566. e.g. Sparks v. State (1964), 245 Ind. 245, 250-251, 195 N.E.2d 469, reh. granted 196 N.E.2d 748; Wilson v. State (1943), 222 Ind. 63, 79-81, 51 N.E.2d 848. Sanchez v. State (1927), 199 Ind. 235, 247, 157 N.E. 1; Rhodes v. State (1927), 199 Ind. 183, 193, 156 N.E. 389. It follows that in a criminal case, the defense attorney bears the affirmative obligation of informing the defendant of his constitutional rights, the existence of defenses, and the consequences of his plea. *Without an allegation and showing of ineffective counsel* in this case, we must conclude that Conley's attorney provided full and adequate assistance, which would include consultation regarding the defendant's constitutional rights and the gravity of his offense." [Emphasis added.]

Thus, for Kindle to succeed under this issue, he must not only allege incompetency, but must also show it. As seen previously, he has not done this. We therefore hold that Kindle did knowingly, voluntarily, and intelligently waive his right to trial by jury.

## ISSUE III.

Finally, Kindle contends that the trial court erred when it overruled his Belated Motion to Correct Errors without first conducting an evidentiary hearing. He argued that this action deprived him of an opportunity to present evidence in support of the matters contained in his motion. While the record supports Kindle's contention

of no hearing, we note that it also supports a conclusion that Kindle did not request such a hearing. Unlike PCR 1, there is no requirement that a hearing be held on a Belated Motion to Correct Errors filed pursuant to PCR 2. Absent such a request we therefore hold that Kindle's failure to request a hearing constitutes waiver of any error arising from the failure of the trial court to grant one.

Kindle also maintains that reversible error occurred when the original trial judge ruled on the Belated Motion to Correct Errors after a change of venue from that judge had been perfected in order for defendant to pursue his post-conviction remedies. Dispositive of this argument is Ind. Rules of Procedure, Criminal Rule 9, which reads:

"The judge who presides at the trial of a cause shall, if available, rule on the motion to correct errors if one is filed, and shall sign all bills of exceptions, if such are requested. The unavailability of any such trial judge shall be determined and shown by a court order made by the judge then presiding in such court."

Since pursuant to PCR 2, a Belated Motion to Correct Errors is treated for all purposes as a Motion to Correct Errors timely filed, we see no error in deferring consideration of this motion to the presiding trial judge.

There being no reversible error, the judgment of the trial court is hereby affirmed.

Hoffman, C.J. and Robertson, P.J., concur.

NOTE.—Reported at 313 N.E.2d 721.