WILLIAM K. GOOD *v.* STATE OF INDIANA.

[No. 271S36. Filed September 14, 1977. Rehearing denied November 28, 1977.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Good was convicted of theft of property of a value over one hundred dollars, on November 10, 1970, in Greene Circuit Court, and sentenced to not less than one nor more than ten years.* The most important issue presented is whether appellant waived his right to a jury trial. We find that he did not, and accordingly reverse this conviction.

The relevant entries in the record, with respect to the question presented, are as follows:

---

\* This cause was originally filed in this court in February of 1971. The inordinate delay that is apparent was occasioned by the gross negligence and dilatoriness of appellant's attorney, who did not file the completed transcript and briefing necessary to bring this cause before the court for a decision.

Early this year, appellant hired a new attorney who has completed the briefing and has properly presented the case to this court. When the case was filed with the Supreme Court in 1971, it was properly filed here because at that time this court had jurisdiction of all criminal cases. Since 1972, all cases involving a penalty of less than ten years have been filed with the Court of Appeals, and such cases pending in this court have been transferred to the Court of Appeals for decision. Ind. R. Ap. P. 4(A)(7), (B). However, since this cause was properly filed with this court at the time of its original filing, and in view of the very long delay experienced here, this court will retain jurisdiction and decide the cause.

(1) On September 14, 1970, appellant appeared in court with his attorney. He waived arraignment and pleaded not guilty. The cause was set for trial on October 15, 1970.

(2) On October 14, 1970, appellant appeared by his attorney and requested a continuance. The motion was granted, and the cause was then set for October 21, 1970.

(3) On October 21, 1970, by agreement of the parties, the cause was reset for trial at 9:30 a.m., November 10, 1970.

(4) On November 10, 1970, appellant, the prosecuting attorney, and the judge were present at the appointed time for trial to begin. Appellant's attorney, however, was not present, and did not appear until 10:30 a.m. When he arrived, appellant's attorney counselled briefly with appellant in open court. Appellant's attorney then told the judge that his client wished to have a jury trial, and that appellant's understanding was that he would get one. The judge stated that there was no indication in the record that appellant had requested a jury, and that it was the court's understanding that appellant was to have a trial by the court only. The judge thereupon denied the motion for a jury trial, tried the case before the court and found appellant guilty on the evidence.

In summary, the only mention of a jury in this entire record was on the morning of November 10, 1970, when the trial was about to begin and appellant's attorney indicated in open court that his client was demanding a jury trial. After appellant's conviction, however, conflicting affidavits were filed by the trial judge, the prosecutor, appellant Good, and appellant's trial attorney. These affidavits allege further occurrences on the above-mentioned dates, not reflected in the record.

The trial judge and the prosecuting attorney filed an affidavit together. They state that on October 21, appellant's attorney Clifford DeWitt orally stated to both of them that the case would be submitted to the court for trial without intervention of the jury. They further state that no written

request for a jury was ever made by anyone, and that the only oral request ever made was on November 10.

Appellant Good states in his affidavit that on the September 14 and October 14 dates, he sat in a darkened courtroom in the custody of the sheriff and never saw the judge. He further states that his lawyer told him that he had a right to trial by jury, and that if he wanted one he would have to ask for it. Appellant states that the first time he had an opportunity to make such a demand was on November 10, when he saw the judge and did ask for a jury.

Clifford DeWitt, appellant's trial attorney, states in his affidavit that at no time did he indicate to the trial judge or the prosecutor that appellant waived a jury trial, and that appellant never requested that such a waiver be made.

We do not need to resolve the apparent conflicts in the affidavits to settle the waiver issue. Neither the record nor any of the affidavits reflects a waiver by appellant himself of his right to trial by jury, and the court accordingly erred in proceeding without a jury. Our statute, Ind. Code § 35-1-34-1 (Burns 1975), states that, "the defendant and prosecuting attorney, with the assent of the court," may submit the cause to trial by the court, thereby waiving trial by jury. We hold that the statute's reference to the defendant's assent must mean an assent by defendant personally, reflected in the record before the trial begins either in writing or in open court. A waiver of a constitutional right cannot be presumed from a *silent* record. *Boykin* v. *Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and the present record is silent on the issue of waiver by appellant when the post-trial affidavits are excluded from consideration. In view of the duty of a judge in a criminal case to assume that defendant will want a jury trial, and to arrange the affairs of the court accordingly, *State ex rel. Rose* v. *Hoffman,* (1949) 227 Ind. 256, 262, 85 N.E.2d 486, 488, and in view of our holding today, the case of *Bramlett* v. *State,* (1949) 227

Ind. 662, 87 N.E.2d 880, is overruled to the extent it conflicts with this opinion.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

All justices concur.

NOTE.—Reported at 366 N.E.2d 1169.