**Michael PEDIGO, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

**No. 2–379–A–72.**

Court of Appeals of Indiana,
Second District.

Nov. 13, 1980.

Rehearing Denied Jan. 12, 1981.

---

Ferd Samper, Jr., Grant Hawkins, Samper, Hawkins & Atz, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Defendant–appellant Michael Pedigo (Pedigo) appeals the decision of the Marion Criminal Court which denied his petition for post–conviction relief, claiming the trial court erred in finding that (1) he had not sustained his burden of proof, and (2) he had not been denied his fundamental right to counsel of choice.

We affirm.

## FACTS

The evidence most favorable to the State, which is necessary for our determination of this appeal, is as follows:

In March 1975, Pedigo retained Owen Mullin (Mullin) to represent him on a charge of first degree burglary; Mullin subsequently filed an appearance on behalf

of Pedigo. However, on several occasions prior to trial Pedigo was represented by Richard Gilroy (Gilroy), who was not associated with Mullin but shared office space with him. At no time did Gilroy enter an appearance for Pedigo nor was he appointed by the court to represent Pedigo.

Gilroy represented Pedigo prior to trial (1) at an appearance before the court on April 2, 1975, at which time the trial court told Pedigo to be ready for trial on April 9, 1975; (2) in filing a petition for psychiatric examination of a co–defendant on April 3, 1975; and (3) at the hearing on the petition for psychiatric examination on April 8, 1975.

Gilroy also represented Pedigo at the jury trial held on April 9, 1975, the jury finding Pedigo guilty of first degree burglary. Gilroy again represented him at the sentencing held on May 1, 1975. Pedigo's Motion to Correct Errors was filed by Gilroy on June 3, 1975, and Gilroy was with Pedigo on July 11, 1975, at the hearing on the Motion to Correct Errors. (The record indicates that Mullin also was present at this hearing.)

Pedigo's direct appeal of his conviction was affirmed by this court on April 20, 1977. On March 27, 1978, a petition for post–conviction relief was filed in which Pedigo alleged that the trial judge improperly denied a continuance requested before trial by both Pedigo and Gilroy. The alleged request for continuance was made because Mullin, Pedigo's counsel of choice, was in trial elsewhere and could not appear for Pedigo at the time of his trial. After two hearings were held on the petition, it was denied by the trial court. Pedigo now appeals the denial of that petition.

## ISSUES

1. Did the trial court err in finding that neither Pedigo nor Gilroy had objected at trial to representation by Gilroy? and

---

1. Pedigo did not raise in his Motion to Correct Errors that the trial court erred in failing to grant a continuance; therefore, pursuant to Indiana Rules of Procedure, Trial Rule 59(D) this issue is waived unless the right to counsel of

2. Did the trial court err in holding that the right to choice of counsel is a fundamental right, but that a timely objection is required to preserve the issue for appeal?

## DECISION

*ISSUE ONE*–Did the trial court err in finding that neither Pedigo nor Gilroy had objected at trial to representation by Gilroy?

*PARTIES' CONTENTIONS*–The essence of Pedigo's appeal is that the trial court denied him the right to counsel of choice by forcing him to trial with Gilroy as his legal representative. Pedigo maintains that Gilroy was present in court the morning of trial solely to request a continuance because Mullin was in court elsewhere and hence unavailable to try Pedigo's case.[1] He contends that the uncontradicted evidence shows he timely objected either before or at trial to representation by Gilroy. The State alleges that Pedigo did not meet his burden of proof.

*CONCLUSION*–The trial court properly found that neither Pedigo nor Gilroy objected at trial to representation by Gilroy.

▮▮ Pedigo, in appealing from the denial of his petition for post–conviction relief, has the burden of proving grounds for relief by a preponderance of the evidence. *Carroll v. State*, (1976) 265 Ind. 423, 355 N.E.2d 408. A post–conviction relief hearing is in the nature of a civil action, and an appeal from the denial of post–conviction relief is equivalent to an appeal from a negative judgment. Only if the evidence is without conflict and leads to but one conclusion when the trial court has reached the opposite conclusion will Pedigo prevail. *Walker v. State*, (1978) 267 Ind. 649, 372 N.E.2d 739; *Roberts v. State*, (1975) 263 Ind. 53, 324 N.E.2d 265.

The trial court obviously was not persuaded by Pedigo's evidence, finding:

choice is a fundamental right, the denial of which need not be listed in the Motion to Correct Errors to preserve the issue for appeal. *See* discussion under *Issue Two, infra.*

(e) That the Petitioner makes no comment about the effectiveness of Mr. Gilroy's representation . . . ;

(f) That the Petitioner failed to object on the record to proceeding to trial without his counsel of choice;

(g) That Mr. Gilroy failed to object on the record to proceeding to trial.

Record, at 192 (Findings of Fact).

■ The evidence does not unequivocally show that either Pedigo or Gilroy timely or properly objected to proceeding to trial. The testimony given at the hearing on the petition for post–conviction relief indicated that the tapes recording the testimony at the original trial were out of order and contained gaps and skips.[2] However, no objection appears in the record of the original trial, which was filed in the direct appeal.

Further, Gilroy, who testified at the hearing, did not state without qualification that he objected to proceeding to trial under these circumstances:

Q. Did Judge Tranberg . . . indicate it would go to trial regardless of who was there, indicate that the case would go to trial whether Mr. Mullin was there or whether you had to do it in his stead, do you remember how far Judge Tranberg's statement went?

A. No I don't for sure, I really don't.

Q. *Do you remember whether* or not Mr. Pedigo, on the record, ever *objected* to your trying the case instead of Mr. Mullin?

A. *I can't remember* whether he did or not.

Q. *Do you remember if you did?*

A. Well, I'll state that, of course the record speaks for itself, but I'll state that I thought I did, and if it's, *if there are parts of the record that are not available, fine, if the record shows that I didn't, then obviously I didn't*, but I thought I did, I thought we asked for a continuance either at the pre–trial before, directly before that trial, or the day of trial.

2. Pedigo does not request a new trial on the ground that the tapes are in poor condition.

Record, at 245 (emphasis added). Finally, Gilroy implied that Pedigo did not object:

Q. O.K. To your knowledge, *did Mr. Pedigo ever make his objections* known to the Court that he didn't want you to represent him?

A. Well *I would have done that.*

Q. O.K., you would have done that, *but to your knowledge, he didn't*, of his own accord, on questions by the Court say that, did he?

A. *I don't believe he was ever questioned about it.*

*Id.* at 247 (emphasis added).

We believe that from a review of the evidence presented at the hearing there is considerable doubt whether Pedigo or Gilroy objected to proceeding to trial. Pedigo has not sustained his burden of showing the trial court erred: the evidence is conflicting, and thus the conclusion of the trial court is not contrary to the evidence. *See Walker v. State, supra.*

*ISSUE TWO* –Did the trial court err in holding that the right to choice of counsel is a fundamental right, but that timely objection is required to preserve the issue for appeal?

*PARTIES' CONTENTIONS* –Pedigo contends that denial of the choice of counsel is fundamental error which can be raised on appeal without an objection at trial. The State counters that while denial of the right to counsel is fundamental error, denial of the right to choice of counsel is not.

*CONCLUSION* –Unreasonable denial of the right to choice of counsel is fundamental error, but Pedigo has not shown that his right to choice of counsel was denied.

Our conclusion in Issue One that the trial court properly found that neither Pedigo or attorney Gilroy objected at trial to Gilroy's representation is tantamount to saying that the right was never asserted and therefore was waived. Thus the stage is set to consider Pedigo's assertion that it was fundamental error to require him to go to trial without counsel of his choice.

### A. Fundamental Error

Pedigo places great reliance on *Fitzgerald v. State*, (1970) 254 Ind. 39, 257 N.E.2d 305, for the proposition that the denial of the right to choice of counsel is fundamental error. The State distinguishes *Fitzgerald* because that case involved only the right to counsel.

In *Fitzgerald*, the supreme court reversed the conviction because the defendant had been tried without an attorney despite a clear request for counsel. Although the defendant in that case had attempted to thwart the trial court from proceeding to trial, it was improper to force him to trial without counsel. *Id.* at 48–49, 257 N.E.2d at 312.

Although *Fitzgerald* dealt with the right to counsel, the court also discussed the right to choice of counsel:

> It is a well settled principle of law that a defendant charged with a crime is entitled to be represented by counsel. Art. 1, § 13, Constitution of Indiana; *State v. Minton*, (1955) 234 Ind. 578, 130 N.E.2d 226; *Hoy v. State*, (1947) 225 Ind. 428, 75 N.E.2d 915. It is further settled that a defendant in a criminal trial has a right to have an attorney of his own choice if he is financially able to employ such an attorney.

*Id.* at 45, 257 N.E.2d at 310.

The court did not go further, so we review some of the cases involving fundamental error.

Fundamental error has been described by this court as a doctrine that "permits a reviewing court to consider the merits of an improperly raised error if the reviewing court finds that 'the record reveals error so prejudicial to the rights of the Appellant that he could not have had a fair trial.'" *Winston v. State*, (1973) 165 Ind.App. 369, 373, 332 N.E.2d 229, 231 (citing *Grier v. State*, (1968) 251 Ind. 214, 216–17, 240 N.E.2d 494, 496).

*Nelson v. State*, 409 N.E.2d 637 (1980) Ind., is instructive. In rejecting the contention that the right to have certain instructions was fundamental, the supreme court described fundamental error as error which is "inherently wrong," with "consequence[s] clear and dire. . . . [T]he error must be blatant, and the potential for harm must be substantial and appear clearly and perspectively." *Id.* at 4. Fundamental error has also been described as error so prejudicial that the defendant has not had a fair trial, *Grier v. State, supra*, when the proceedings below are viewed as a whole. *Winston v. State, supra*.

Such general definitions are of little use without specific application. In *Winston v. State, supra*, we reviewed those cases in which fundamental error had been found and expounded upon the purpose of the fundamental error doctrine. Fundamental error was found when a sentence was imposed for an offense not charged, *Young v. State*, (1967) 249 Ind. 286, 231 N.E.2d 797; when the trial judge improperly induced the defendant to waive trial by jury, *Ford v. State*, (1967) 248 Ind. 438, 229 N.E.2d 634; when there was incompetent representation plus prejudicial remarks by the trial judge, *Wilson v. State*, (1943) 222 Ind. 63, 51 N.E.2d 848; and when the trial judge failed to ensure that the defendant's guilty plea was knowing and voluntary, *Branan v. State*, (Ind.App.1974) 316 N.E.2d 406.

■ From these cases may be distilled the two principal characteristics of fundamental error. First, the proceedings below viewed as a whole were void of any indicia of fairness. Second, the errors were the result of mistake or misconduct by the trial judge in the exercise of his affirmative duties. *Winston v. State, supra* at 375–76, 332 N.E.2d at 232–33.

We therefore agree with Pedigo that the unreasonable denial of the right to counsel of choice is fundamental error. Even so, we do not agree that fundamental error was committed by the trial court.

■ Inherent in any definition of fundamental error is the concept that an error has occurred *and* that the error appears in the record presented for review. Fundamental error, therefore, does not permit review of an error not shown of record but

only permits review of an unpreserved error. Thus, the threshold question must be whether there is error in the record.

█ We find none here. The record reveals Pedigo was represented by counsel at his trial–Richard D. Gilroy. The record further reflects, in part:

| | |
|---|---|
| March 19, 1975 | Appearance by Owen M. Mullin<br>116 N. Delaware St.<br>639–1391 |
| March 25, 1975 | Verified Motion for Continuance filed by Owen M. Mullin, Attorney for defendant with the address:<br>Mullin, Foley & Gilroy<br>Attorneys at Law<br>116 N. Delaware Street<br>Indianapolis, Indiana 46204<br>639–1391 |
| April 2, 1975 | Defendant appears in person and by counsel, Gilroy standing in for O. Mullin |
| April 3, 1975 | Defendant files Petition for Psychiatric Examination of Co-Defendant signed by defendant but with counsel identified as<br>Richard D. Gilroy<br>Mullin, Foley & Gilroy<br>Attorneys at Law<br>116 North Delaware Street<br>Indianapolis, Indiana 46204 |
| April 8, 1975 | Hearing held on Petition with defendant appearing in person and by counsel Richard Gilroy |
| April 9, 1975 | At time of trial, Pedigo appears with counsel, R. Gilroy. Gilroy renews Motion for Psychiatric Examination; hearing held; trial commences. |

Thus, the record reveals that in fact Richard Gilroy had previously appeared in this cause, both by pleadings and in open court, in Pedigo's presence and on Pedigo's behalf, including the day of trial. The record fails in any manner to suggest that Pedigo was not represented by the counsel of his choice as he now argues. Nor has Pedigo proved that either Gilroy or he requested a continuance notwithstanding the record. The record fails to show any error.

### B. Waiver

Pedigo would have us believe that waiver of the right to choice of counsel may not be implied from a silent record, and that to do so is unconstitutional.

He again relies on *Fritzgerald*, this time for the proposition that waiver may not be implied from a silent record; waiver must be a knowing and intelligent decision. The State again distinguishes *Fitzgerald* on the ground that it involved the right to counsel, not the right to choice of counsel.

The federal courts do not seem to agree on whether waiver of the right to choice of counsel may be implied from a silent record. In *Kelly v. Peyton*, (4th Cir. 1969) 420 F.2d 912, the Fourth Circuit required evidence on the record of a knowing and intentional relinquishment of the right to counsel of choice. In that case an attorney had been retained by the defendant's family. The defendant claimed he did not learn that the lawyer was not court–appointed until. after trial. Because the record might indicate that the defendant had no choice but to accept the attorney, the Fourth Circuit required a hearing to determine whether the waiver was valid.

The opposite view is taken by the Second Circuit Court of Appeals, which would not impose an affirmative duty on the trial judge to inquire about the defendant's choice of counsel, absent objection. For example, in *United States v. Wolfish*, (2d Cir. 1975) 525 F.2d 457, *cert. denied*, (1976) 423 U.S. 1059, 96 S.Ct. 794, 46 L.Ed.2d 649, the defendant claimed that he had been denied his right to be represented by one attorney, Cohn. The record showed that Rosin, a partner of Cohn, had appeared for Wolfish at all times but no question was ever raised about the counsel of his choice. The Second Circuit summarily denied the claim. *See also United States v. Calarco*, (2d Cir. 1970) 424 F.2d 657; *United States v. Moore*, (5th Cir. 1978) 569 F.2d 1312; *United States v. Sparlin*, (5th Cir. 1978) 569 F.2d 1314.

In determining which of these divergent paths to take, we are guided by the logic of our supreme court in the related area of pro se representation. In *Russell v. State*, (1978) Ind., 383 N.E.2d 309, the trial court was informed on the day of trial that the defendant wished to represent himself. The supreme court adopted the rule that if one proceeds to trial without objecting to counsel, the right to self–representation is *voluntarily forfeited.*

It would be illogical to require evidence in the record of a knowing and intelligent waiver when the defendant alleges denial of the right to a specific attorney but not to require a knowing and intelligent waiver when he asserts denial of the right to self-representation. Both situations involve the counsel of choice; both rights further the value of personal autonomy.

We might add that the same degree of protection need not be afforded to one who retains his own counsel as opposed to one whose counsel is appointed for him. When a defendant seeks and obtains counsel without court assistance, the judge may reasonably presume that the defendant knows of the right to counsel of choice. Likewise if that counsel is later replaced by another, the judge may presume that the latter also is counsel of choice.

The trial judge in this case was unaware that Gilroy was not Pedigo's counsel of choice. He only knew that Mullin was in court elsewhere and that Gilroy would represent Pedigo. Because Pedigo has not affirmatively asserted his right to choice of counsel, it is waived and we will not imply otherwise from a silent record.

### C. Continuance

Because we have already decided that Pedigo waived the right to choice of counsel and that he did not request a continuance to obtain the counsel of his choice, we do not need to discuss whether a continuance would have been properly denied if requested other than to state that the granting of a continuance is within the sound discretion of the trial court. *Works v. State*, (1977) 266 Ind. 250, 362 N.E.2d 144.

The conviction is affirmed.

SHIELDS and SULLIVAN, JJ., concur.