**Donald RODGERS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 380S63.

Supreme Court of Indiana.

Jan. 27, 1981.

Harriette Bailey Conn, Public Defender, James G. Holland, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted after a bench trial of Kidnapping and Robbery and sentenced to concurrent terms of life imprisonment and ten (10) to twenty-five (25) years. This belated appeal presents the following issues:

(1) Whether the defendant was denied effective assistance of counsel.

(2) Whether the defendant knowingly, intelligently, voluntarily, and understandingly waived his constitutional right to a jury trial.

(3) Whether the verdicts are supported by sufficient evidence.

\* \* \* \* \* \*

## ISSUE I

The defendant contends that he was denied the effective assistance of counsel.

"We have frequently stated that an attorney is strongly presumed to be competent. (citations omitted). Absent a glaring and critical omission or succession of omissions evidencing in their totality a mockery of justice, this Court will not attribute a criminal conviction or affirmation to ineffective representation."

*Kerns v. State*, (1976) 265 Ind. 39, 41, 349 N.E.2d 701, 703; *Merida v. State*, (1979) Ind., 383 N.E.2d 1043, 1045. In an attempt to satisfy this standard the defendant asserts four (4) errors of counsel.

The defendant contends that his counsel conducted no discovery. Failure to conduct discovery is a tactical matter, *Cook v. State*, (1980) Ind.App., 403 N.E.2d 860, 867, and the defendant has not shown that he was thereby hampered in the preparation of his case.

The defendant contends that his counsel failed to move to suppress and failed to object to inculpatory statements that he had made. However, he shows no basis for suppression or objection, and we find none in the record. *Hollon v. State*, (1980) Ind., 398 N.E.2d 1273, 1278.

The defendant contends that his counsel waived arraignment without consulting him. The arraignment is the procedure of bringing the accused before the court, notifying him, usually by reading the information or indictment, of the charges against him and asking for his plea. *Andrews v. State*, (1925) 196 Ind. 12, 146 N.E. 817. In court room vernacular, a waiver of the reading of the charge is often inaccurately referred to as a "waiver of arraignment."

■ The record of Defendant's arraignment reflects that the defendant appeared, without counsel and that the court appointed pauper counsel to represent him. Counsel then stated to the court: "This is Donald M. Rodgers, Your Honor, age twenty. *Waives arraignment* and pleads not guilty and requests an early trial." It was the reading of the charge, however, that was dispensed with, not the arraignment, and there was a plea. *Andrews v. State, supra.* Defendant has made no attempt to show how he was harmed by this customary procedure, and we perceive none. It is the burden of appellants to show how they were harmed by the error complained of. *Hester v. State*, (1974) 262 Ind. 284, 315 N.E.2d 295 and cases there cited. In this case, Defendant has shown neither error nor harm.

Lastly, the defendant contends that his counsel failed to object to the admission of certain testimony. The record shows that counsel objected to the testimony in question as the witness' drawing a conclusion, and the trial court properly sustained the objection.

■ The record further discloses that trial counsel presented the defendant's case and vigorously cross examined the State's witnesses. We find that the defendant had effective assistance of counsel.

### ISSUE II

The defendant contends that he did not knowingly, intelligently, voluntarily, and understandingly waive his right to a jury trial guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 13 of the Indiana Constitution.

Ind.Code § 35–1–34–1 (Burns 1975) provides:

"The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. All other trials must be by jury."

In construing this statute we have held that " * * * the defendant's assent must mean an assent by defendant personally, reflected in the record before the trial be-

gins either in *writing* or in open court." *Good v. State*, (1977) 267 Ind. 29, 32, 366 N.E.2d 1169, 1171 (emphasis added).

The record shows that the defendant signed a waiver of trial by jury on January 5, 1968, and the following exchange occurred just prior to trial, on February 2, 1968:

"THE COURT: Does the Defendant want a trial by Court, rather than by jury?

"MR. STEINHAUER: Yes, we agreed.

"THE COURT: Let the record show that the Defendant has filed his written waiver of trial by jury in open Court."

■ The defendant would have us grant him a new trial merely because the record does not show that the trial court informed him of an *absolute* right to a trial by jury under the United States and Indiana Constitutions. The trial court's failure to so inform the defendant and its failure to interrogate the defendant personally as to his understanding of his right to trial by jury does not vitiate the waiver. *Kennedy v. State*, (1979) Ind., 393 N.E.2d 139, 142, *cert. denied*, (1980) 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 734. We perceive the trial court's failure to inform the defendant of his right to trial by jury under the United States Constitution to be justified. The United States Supreme Court did not extend the Sixth Amendment's requirement of trial by jury to state criminal proceedings until May 20, 1968. *Duncan v. Louisiana*, (1968) 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491, 496, and the holding therein is prospective only. *DeStefano v. Woods*, (1968) 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (per curiam).

### ISSUE III

The defendant's final assignment is a challenge to the sufficiency of the evidence to support the convictions. It is his contention that the evidence shows that he was the victim of a kidnapping and therefore, acted under duress during the entire time that the robbery and kidnapping of an automobile service station attendant occurred.

The defendant acknowledges that we will consider only the evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom in favor of the verdict. *Loyd v. State*, (1980) Ind., 398 N.E.2d 1260, 1264. We note the following:

On two separate occasions he had the opportunity to escape his alleged kidnapper. On the first occasion, he remained in the front seat of an automobile holding a ripping knife for fifteen (15) to twenty (20) minutes, while the service station attendant and another kidnapping victim were in the back seat, and while his alleged kidnapper was in an apartment. The defendant had been told by his "kidnapper" to watch the victims with the knife and not to let them get away.

On the occasion of the second opportunity to escape, which occurred following an accident with the automobile in which he, the "kidnapper", and the service station attendant were riding, the defendant at his "kidnapper's" request, again stood guard with a knife over the service station attendant.

"Appellant * * * urges upon us the rule that mere presence at the scene of the crime is not sufficient to allow an inference of participation. (Citations omitted). While this is the general rule, presence in connection with other circumstances is relevant. Companionship with one engaged in a crime, and a course of conduct before and after the offense may be considered in determining whether aiding or abetting may be inferred."

*Simmons v. State*, (1974) 262 Ind. 300, 303, 315 N.E.2d 368, 369.

The facts in this case warrant an inference that the defendant aided his alleged kidnapper in a robbery and kidnapping. *Parker v. State*, (1976) 265 Ind. 595, 602, 358 N.E.2d 110, 113-14; *Atherton v. State*, (1967) 248 Ind. 354, 356, 229 N.E.2d 239, 241.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.