**Robert G. CUNNINGHAM, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–1181A335.**

Court of Appeals of Indiana, First District.

April 13, 1982.

James E. Davis, Davis & Davis, Greenfield, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant Robert G. Cunningham (Cunningham) was convicted of operating a motor vehicle while intoxicated, a Class D Felony, after a bench trial in the Hancock County Court. He had been previously convicted of the same offense and appeals from a sentence of two years.

We reverse.

## STATEMENT OF THE FACTS

Cunningham contends that he was denied the right to a trial by jury without having made an effective waiver. The portions of the record relevant to the issue of jury waiver are summarized below. At arraignment on February 9, 1981, while accompanied by his attorney, Cunningham entered his plea of not guilty, and the court set the case for trial by jury on March 26, 1981. After a continuance the court again set the case for trial by jury on May 7, 1981. On May 7, 1981, the court called the case for trial, and thereupon the record proceeded as follows:

"BY THE COURT: State vs. Robert G. Cunningham Nos. CCF–81–5 and CCR–81–495 and 494. Are you Robert G. Cunningham?

BY THE DEFENDANT: Yes, I am.

BY THE COURT: Let the record reflect the defendant appears in person and by his counsel Mr. Stephenson. State appears by Larry Gossett, Prosecuting Attorney. These matters were set for trial by jury this morning, however, this morning I was advised by the counsel, that they waive jury trial. Is that correct?

BY COUNSEL FOR DEFENDANT: Yes sir, that is correct.

BY THE COURT: So for that reason, there is not a jury here."

Thereafter the trial proceeded without any objection on the part of Cunningham or

his attorney. The matter of a jury does not appear in the record again until the motion to correct errors.

## ISSUES

Cunningham raises three issues for review on this appeal as follows: (1) Incompetency of trial counsel, (2) denial of the right to trial by jury without an effective waiver, and (3) insufficiency of the evidence of prior conviction. Because of our decision on issue number 2, we find it unnecessary to address the other two issues.

## DISCUSSION AND DECISION

In Indiana, the modern history of the question of the sufficiency of a waiver of trial by jury may be said to commence with *Bramlett v. State*, (1949) 227 Ind. 662, 87 N.E.2d 880. There the record did not disclose that the defendant waived a trial by jury, but did disclose that the defendant was represented by counsel when his case was called for trial. Neither he nor his counsel demanded a jury but proceeded to trial before the court. The defendant made no claim that he was not represented by competent counsel. The Indiana Supreme Court held that under those circumstances the defendant was deemed to have waived his right to a trial by jury.

*Bramlett* was followed by *Kindle v. State*, (1974) 161 Ind.App. 14, 313 N.E.2d 721, *transfer denied*. In *Kindle*, at arraignment, the court asked defendant if he wanted a trial by the court or by a jury. Defendant's counsel responded by stating that a court trial was desired. The court accepted the waiver of the jury trial without further interrogation of the defendant as to his understanding of his right to trial by jury and the consequences of the waiver. The Court of Appeals in upholding the conviction, stated:

"While this is not the most desirable procedure, it is our opinion that where defendant and his counsel are present in open court at the time trial by jury is

waived, failure of the trial court to personally interrogate the defendant as to such waiver does not in and of itself vitiate the waiver."

161 Ind.App. at 21, 313 N.E.2d 721. However the *Kindle* court strongly criticized that procedure and urged a different one.

"The preferred procedure for accepting waiver of right to trial by jury, as recommended by the American Bar Association Project on Standards for Criminal Justice (Trial by Jury, Part I, Section 1.2(b)), is that:

'(b) The court should not accept a waiver unless the defendant, after being advised by the court of his right to trial by jury, personally waives his right to trial by jury, either in writing or in open court for the record.'"

161 Ind.App. at 21, 313 N.E.2d 721. *Scruggs v. State*, (1974) 161 Ind.App. 666, 317 N.E.2d 807, followed *Bramlett* and *Kindle*, but found personal waiver by the defendant.

The American Bar position recommended in *Kindle* was followed by our Supreme Court in *Good v. State*, (1977) 267 Ind. 29, 366 N.E.2d 1169. In reversing a conviction for theft, the court noted that the record was silent as to the defendant's personal waiver. Faced with conflicting affidavits as to the attorney's waiver, the court stated:

"*We do not need to resolve the apparent conflicts in the affidavits to settle the waiver issue. Neither the record nor any of the affidavits reflects a waiver by appellant himself of his right to trial by jury, and the court accordingly erred in proceeding without a jury. Our statute, Ind.Code § 35–1–34–1 (Burns 1975), states that, 'the defendant and prosecuting attorney, with the assent of the court,' may submit the cause to trial by the court, thereby waiving trial by jury. We hold that the statute's reference to the defendant's assent must mean an assent by defendant personally, reflected in the record before the trial begins either*

*in writing or in open court.* A waiver of a constitutional right cannot be presumed from a *silent* [orig. emphasis] record. *Boykin v. Alabama*, (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and the present record is silent on the issue of waiver by appellant when the post-trial affidavits are excluded from consideration. In view of the duty of a judge in a criminal case to assume that defendant will want a jury trial, and to arrange the affairs of the court accordingly, *State ex rel. Rose v. Hoffman*, (1949) 227 Ind. 256, 262, 85 N.E.2d 486, 488, and in view of our holding today, the case of *Bramlett v. State*, (1949) 227 Ind. 662, 87 N.E.2d 880, is overruled to the extent it conflicts with this opinion." (Emphasis added.)

267 Ind. at 32–33, 366 N.E.2d 1169. Admittedly, the facts in *Good* were stronger than those in the case at bar. There, the defendant personally did not waive his right to trial by jury and demanded a jury at trial time. A jury trial was refused him because the court found that the defendant's attorney had previously waived it. However, we do not perceive that *Good* turned on these circumstances. We read *Good* as requiring the trial court to elicit the waiver from the defendant *personally*, either in writing or in open court for the record, and a failure to do so is reversible error.

*Good* was followed in *Rodgers v. State*, (1981) Ind., 415 N.E.2d 57, where the Supreme Court, in affirming a conviction in which the defendant had waived a jury in writing, stated:

"In construing this statute [Ind.Code 35–1–34–1 (Burns 1975)] we have held that ' * * * the defendant's assent must mean an assent by defendant *personally*, reflected in the record before the trial begins either in *writing* [orig. emphasis] or in open court.'" (Emphasis added.)

415 N.E.2d at 59; citing *Good, supra.*

In the case at bar, the record shows no assent, either oral or written, by Cunningham personally to the waiver of trial by jury. Strong arguments are made that the facts in this case are almost identical to those in *Kindle*, where waiver was held to exist. *Good* was based upon much stronger facts than those in *Kindle* and the case at bar. However, *Good* did not indicate that a waiver can be implied from a defendant's silence. On page 267 Ind. 32, 366 N.E.2d 1169, Justice Pivarnik commences his discussion by stating, "We do not need to resolve the apparent conflicts in the affidavits to settle the waiver issue. Neither the record nor any of the affidavits reflects a waiver by appellant himself of his right to trial by jury[.]" The court then proceeded to bring waiver of a trial by jury into line with *Boykin v. Alabama*, (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, Ind.Code 35–4.1–1–3 and 35–4.1–1–4, and the cases spawned thereunder. Briefly, those cases require a trial judge to address the defendant on the record, in order to explain the defendant's constitutional and statutory rights and make a determination that he understands them. Those cases consistently hold that failure to so advise the defendant and elicit responses from the defendant himself is fatal. Those cases further hold that the record must affirmatively show that the required procedures were complied with, and no waiver can be predicated upon a silent record. The holding of the court in *Good* is emphatic, and is stated in clear and unmistakable language. We do not possess the right to alter that precedent.

Therefore we are of the opinion that although a waiver might be implied from the circumstances of this case, after *Good* an implied waiver is not sufficient. Based upon the authority of *Good* and *Rodgers* we hold that the record fails to show a *personal* waiver by Cunningham. This cause is therefore reversed, and the trial court is ordered to grant a new trial.

Reversed.

RATLIFF, P. J., and ROBERTSON, J., concur.