Arbie CLAY, Appellant,

v.

STATE of Indiana, Appellee.

No. 483S150.

Supreme Court of Indiana.

Dec. 14, 1983.

Susan K. Carpenter, Public Defender of Ind., Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Latrialle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Judge.

This is an appeal from the denial of a Post-Conviction Relief Petition.

Appellant was convicted in a bench trial of one count of Robbery, a Class A felony and two counts of Burglary, a Class B felony. He was sentenced to concurrent terms of imprisonment of thirty (30) years for robbery and ten (10) years each for the burglary counts. The trial court's findings were reaffirmed by this Court on appellant's direct appeal reported in *Clay v. State*, (1981) Ind., 416 N.E.2d 842. Appellant's Petition for Post-Conviction Relief and Motion to Correct Errors were denied by the trial court.

The relevant facts are: On November 9, 1979, an information was filed charging appellant with the crimes for which he was later sentenced. At a pretrial conference on August 1, 1979, appellant, his counsel and the State agreed to waive a jury trial and a written waiver of the right to a jury trial was filed in open court.

Appellant's issues revolve around the written waiver. He contends the waiver was not freely, intelligently and knowingly given. He claims he was not aware of the substantial consequences of the decision.

He maintains the decision to sign the waiver was not what he originally wanted, but counsel persuaded him to sign the waiver. He argues counsel failed to explain the advantages and disadvantages of the waiver and the possible consequences. He thus contends counsel was ineffective in providing legal assistance. Appellant maintains the trial court should have personally interrogated him before accepting the waiver to ascertain if the waiver was freely, intelligently and knowingly given.

The State argues the issues were waived by the appellant's failure to raise them in the first Motion to Correct Errors and in the first direct appeal. The issues raised there dealt only with the severity of the punishment. The State cites *Rinard v. State*, (1979) 271 Ind. 588, 394 N.E.2d 160 for the proposition post-conviction relief is for those issues which were not known at the time of the direct appeal. After the trial, appellant was aware he had waived his right to a jury trial based upon the recommendation of counsel. If he perceived he had been unjustly deprived of a jury trial, then such allegation should have been made in the Motion to Correct Errors. Trial counsel prepared the Motion to Correct Errors and did not raise that issue. Appellant then changed counsel and the new counsel perfected the direct appeal. This counsel could have raised the issue of waiver but did not. The effect of the failure is to waive the issue unless one of two conclusions is reached. Both attorneys were incompetent or the error is so fundamental that it could not be waived by failing to properly raise it. No allegation of incompetency was raised as to second counsel. Thus waiver is the result unless fundamental error is found.

Appellant concedes the issues were not raised in a timely fashion. He argues the right to a jury trial is so fundamental and its loss so prejudicial that the error cannot operate to now deny the opportunity to raise the issue. In discussing the fundamental error doctrine the Court of Appeals said:

" 'The "fundamental error" doctrine permits a reviewing court to consider the merits of an improperly raised error if the reviewing court finds that "the record reveals error so prejudicial to the rights of the Appellant that he could not have had a fair trial.' " *Winston v. State*, (1975) 165 Ind.App. 369, ?73, 332 N.E.2d 229, 231. Cases in which fundamental error has been found have two principal characteristics. *Pedigo v. State*, (1980) Ind.App., 412 N.E.2d 132. " 'First, the proceedings below viewed as a whole were void of any indicia of fairness. Second, the errors were the result of mistake or misconduct by the trial judge in the exercise of his affirmative duties.' " *Id.* at 136 *Thomas v. State*, (1982) Ind.App., 442 N.E.2d 700 at 701.

We hold the trial court did not commit error in not personally interrogating appellant as to his waiver of jury. We have said, "it is the duty of a judge in a criminal case to assume that a defendant will want a jury trial, and to arrange the affairs of the court accordingly." *State ex rel. Rose v. Hoffman*, (1948) 227 Ind. 256, 262, 85 N.E.2d 486, 488. However, this right can be waived. IC § 35–1–34–1 [Burns 1975 Repl.]. (Repealed and replaced by IC § 35–37–1–2 Burns 1981.) "Trial by Court or Jury .... The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. All other trials must be by jury." In interpreting the statute the courts have held the waiver must be knowingly, intelligently and voluntarily given with sufficient awareness of the consequences. *Kindle v. State*, (1974) 161 Ind. App. 14, 313 N.E.2d 721. We have held the waiver must be personal, and must be reflected in the record. *Good v. State*, (1977) 267 Ind. 29, 32, 366 N.E.2d 1169, 1171. In *Rodgers v. State*, (1981) Ind., 415 N.E.2d 57, we examined a fact pattern similar to the case at bar. The defendant signed a written waiver which was introduced in open court. The trial judge inquired if the defendant wished to waive a jury trial, and defense counsel answered affirmatively. In *Rodgers* we held the trial court was not

required to interrogate the defendant as to his understanding of his right to trial by jury and such failure did not vitiate the waiver. *Id.* at 59.

In the case at bar the trial court complied with the standards in *Good, supra.* We conclude the trial judge committed no fundamental error which deprived the appellant of a fair trial.

Appellant's second allegation is that trial counsel was ineffective and failed to provide adequate legal assistance. At the post-conviction relief hearing appellant testified in support of the petition. He stated trial counsel had visited with him on only two or three occasions and only for short amounts of time. He also alleges trial counsel failed to investigate the testimony of the State's chief witness and that counsel failed to properly explain the consequences of jury trial waiver.

In *Cobbs v. State*, (1982) Ind., 434 N.E.2d 883, we reviewed the standards to be applied in determining the competency of trial counsel.

In the case at bar the trial judge concluded in his findings of fact and conclusions of law that appellant's counsel was competent and his services did not constitute ineffective assistance of counsel. In this appeal appellant asserts no strong and convincing evidence to rebut the presumption of counsel competency. Counsel's decision to encourage appellant to sign the waiver reflected a choice of strategy which is often followed by trial counsel. It certainly did not show a pattern of ineffective counsel.

Appellant's assertion of incompetency based on limited pretrial visitations is without merit. Appellant showed no adverse consequences from the limited visits. Counsel was familiar with the case at trial, and was able to provide appellant with more than perfunctory representation.

Appellant lastly maintains counsel should have investigated the injuries done to State's witness Eugene Carrow. Appellant was charged with causing bodily injury in the commission of a robbery. Bodily injury is defined as "any impairment of the physical condition, including pain." IC § 35–41–1–2 [Burns 1979 Repl.].

Witnesses testified as to Carrow's appearance after being pistol whipped. Carrow himself testified as to his injuries and his suffering. Further investigation of Carrow's injuries would have revealed no evidence which would have aided appellant's defense. This was not a question of the degree of injury, any injury suffices to meet the definition. We conclude the trial court made no error in finding appellant had effective counsel.

The trial court is in all things affirmed.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result without opinion.