Vaidik, Chief Judge,
dissenting.
I respectfully dissent from the majority’s conclusion, that the trial court’s failure to personally ask Jones whether he wished to make a statement at sentencing constitutes fundamental error mandating, reversal of his sentence. .
Indiana Code section 35-38-1-5 provides in relevant part that “[t]he defendant *918 may also make a statement personally in the defendant’s own behalf and, before pronouncing sentence, the court shall ask the defendant whether the defendant wishes to make such , a statement.” At sentencing, the trial court asked defense counsel—not Jones personally—whether Jones wished to make a statement. Defense counsel said, “No.” Tr. p. 104. While the trial court should have asked Jones personally whether he wished to make a statement, see Ind. Criminal Benchbook § 68.25.000 (3d ed. 2001) (sentencing dialogue for trial courts that includes asking the defendant personally if he has anything to say at sentencing), defense counsel did not speak up when the court failed to do so., Jones thus waived this issue. See Angleton v. State, 714 N.E.2d 156, 159 (Ind. 1999) (holding that the defendant waived the issue of whether the trial court erred by failing to ask him whether he wished to make a statement at sentencing by not objecting), reh’g denied.
Nevertheless, the majority finds that the trial court’s failure to ask Jones personally amounts to fundamental error pursuant to Horton v. State, 51 N.E.3d 1154 (Ind. 2016). I disagree. In Horton, the Indiana Supreme Court found the right to a jury trial to be so important that the trial court must get a personal waiver from the- defendant before proceeding to a bench trial and that the failure to do so cannot be waived and is fundamental error. Id. at 1158-60; see also Good v. State, 267 Ind. 29, 366 N.E.2d 1169, 1171 (1977). Our Supreme Court explained that the right to a jury trial is “a bedrock of our criminal justice system,” specifically guaranteed by Article 1, Section 13 of the Indiana Constitution. Horton, 51 N.E.3d at 1158. The same cannot be said about the right of allocution. Moreover, contrary to the right to a jury trial, the Court has held that the right to be personally addressed about the right of allocution can be waived. See Angleton, 714 N.E.2d at 159.
In addition, this is not a situation where the defendant was not informed of his right of allocution. Cf. Owens v. State, 69 N.E.3d 531, 534-35 (Ind. Ct. App. 2017) (reversing and remanding for a new sentencing hearing where the trial court did not ask either defense counsel or the defendant if the defendant wished to make a statement at sentencing). I would therefore affirm the trial court.